1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# WESTERN DITRICT OF WASHINGTON

| | |
|---|---|
| KEVIN G. BOYD, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendant. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CLASS ACTION COMPLAINT**

1

Plaintiff Kevin G. Boyd ("Plaintiff") is informed and believe, and on that basis allege, as follows:

## NATURE OF THE ACTION

1. This is a Washington class action for unlawful deductions and failure to pay for rest breaks and time worked on non-sales activities by mortgage brokers working for Defendant Bank Of America, N.A.'s ("Defendant" or "Wells Fargo") As more fully described herein, Defendant paid Plaintiff and class members based on a contractual sales commission, and unlawfully deducts money advanced for rest breaks and non-sales work. Plaintiff seeks among other things, all wages and statutory remedies.

## PARTIES

2. Plaintiff Kevin G. Boyd was, at all relevant times, a resident and citizen of Washington. Plaintiff Boyd was employed by Defendant as a mortgage broker in the State of Washington, during the liability period as alleged herein.

3. Defendant Bank of America, N.A. is a bank, that is authorized to conduct and is actually conducting business in the State of Washington, and that designates its main office in North Carolina.

4. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

5. Plaintiff is informed and believes and thereon alleges that all Defendants, including the fictitious Doe Defendants, were at all relevant times

acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in part in the State of California. At least one Defendant is a citizen of a state outside of California, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA"). The class amount at issue exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## FACTUAL ALLEGATIONS

7. Plaintiff and the Class work as mortgage brokers, referred to as Lending Officers, for Defendant selling mortgages. Plaintiff and Class members received pay in the form of a commission based on a percentage, referred to as basis points, for mortgage loans they originated. Class members' commission is based on the commission rate applied to loan volume for a given month. Defendant provided Plaintiff and the Class members with draws or advances against the commissions, but then deducted the draw/advances from the commissions prior to payment.

8. The contractual pay plan applicable to Plaintiff and all class members provided, in pertinent part, that Lending Officers "earn monthly commissions . . . in excess of draw . . . to the extent allowed by applicable state law." Defendant's contractual pay plan further provided as follows:

> "Each MLO will receive a monthly draw. A draw is defined as a fixed and regularly recurring wage advance against future adjusted commissions and other performance based compensation. *The draw is recovered from future adjusted commissions and other compensation, unless prohibited by state law*." (Italics in original).

Defendant's contractual pay plans also provide that "if adjusted commissions do not exceed the monthly Draw, a deficit is created and carried forward, unless prohibited by applicable state law."

9. Plaintiff worked for Defendant as Lending Officer in Seattle, Washington, from approximately October 2012 to February 2014.

10. In operation, the draw paid by Defendants is deducted from commissions earned by Lending Officers on a monthly basis. If the draws for any given month exceed commissions, the deficit is carried over to the next month and added to subsequent draws until all draw amounts are recouped from Class members' commissions.

11. By recovering draws from commissions, Defendant fails to treat rest breaks as "on the employer's time," in violation of Washington Administrative Code §296-126-092(4). The rest break deductions result in depriving Plaintiff and Class members of wages under Washington law and violate, among other things, Washington Revised Code §49.52.50, including by failing to pay all wages due.

12. Defendant's deduction and recovery of draw amounts from commission pay results in no compensation to Plaintiff and Class members for non-sales activities. The non-sales time Plaintiff and Class members were not compensated for includes, but is not limited to, meetings, assisting customers with non-mortgage related matters, and working on certain nights or weekends.

Defendant's failure to compensate Plaintiff and Class members for non-sales time worked, by deducting draws from commissions and other incentive payment, violates Revised Code of Washington §§49.46.020 and §49.52.50, including by failing to pay all wages due.

13. Defendants deduction and recovery of draws from Class members' commission violates Washington law, as alleged herein, because it fails to provide compensation for rest break time and non-sales work. This also violates provisions of Defendant's contractual pay plan that provide for payment of commission in excess of draws "to the extent allowed by applicable state law," and proscribe recovering draws where "prohibited by state law."

14. Defendant's conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation.

15. Plaintiff is informed and believes, and on that basis alleges, that Plaintiff and the Class did not knowingly submit to the wage violations alleged herein. Revised Code of Washington §49.52.070 provides that employers who violate Washington's minimum wage laws under the circumstances present in this case are liable for double the amount of wages improperly withheld. Pursuant to Revised Code of Washington §49.52.080, there exists a presumption of willfulness. Defendant has continued engage in unlawful deduction of draws from commission despite being aware of legal precedent reflecting its unlawfulness.

16. Plaintiff is a member of and seeks to be the representative for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendant's unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> All current or former Washington residents who worked for Defendant as Lending Officers at any time beginning six (6) years prior to the filing of the Complaint through the date notice is mailed to the Class (the "Class period").

18. Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

19. This action has been brought and may be properly maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, and other applicable law, as follows:

20. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

21. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

   a. Whether Defendant's pay plan fails to compensate for rest break time;
   b. Whether Defendant's failure to pay for rest break time was willful;
   c. Whether Plaintiff and each member of the Class were not paid minimum wage for non-sales time worked during the Class period;
   d. Whether Defendant's recovery of draw amounts related to rest break and non sales time is a breach of contract;
   e. Whether Defendant's conduct violates Revised Code of Washington §49.52.070;

f. The nature and extent of class-wide injury and the measure of damages for the injury.

22. **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a mortgage consultant for Defendant, was exposed and subjected to the same unlawful business practices as other mortgage salespersons employed by Defendant during the liability period. Plaintiff and the members of the class she represents sustained the same types of damages and losses.

23. **Adequacy:** Plaintiff is an adequate representatives of the Class they seeks to represent because their interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and their counsel.

24. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision

by a single court.

25. The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
**(Against All Defendants)**

26. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

27. Plaintiff and the Class Members, on the one hand, and Defendant on the other hand, entered into a written contract for employment as mortgage brokers. The contract included the common pay plan Defendant had in place for Lending Officers. (Plaintiff does not currently have possession of the Pay Plan which constitutes the contract in effect for the time frame at issue, but will seek such pay plans in discovery, and seek leave to amend to attach them to the complaint if needed.)

28. Plaintiff and Class members provided consideration of the contract, in the form of providing services as Lending Officers, and performed all duties

required of them under the contract, except to the extent such performance may have been excused or forfeited.

29. The terms of the contract provide that Lending Officers receive commissions based on loan volume, and are required to meet minimum production levels. The January 2013 contractual contract provides:

> "MLOs will be eligible to earn monthly commissions, other compensation, and other incentives in excess of draw, . . . to the extent allowed by applicable state law."

30. The pay plan of January 2013 further provided as follows:

> "Each MLO will receive a monthly draw. A draw is defined as a fixed and regularly recurring wage advance against future adjusted commissions and other performance based compensation. *The draw is recovered from future adjusted commissions and other compensation, unless prohibited by state law*. For example, the draw paid in January will be recovered from the calculated adjusted commissions for January performance eligible for payment in February, along with any unrecovered draw or offsets from previous months." (Italics in original).

31. Defendant's contractual pay plans also provides that, for the recoverable draw, "if adjusted commissions do not exceed the monthly Draw, a deficit is created and carried forward, unless prohibited by applicable state law."

32. Plaintiff is informed and believes, and on that basis alleges, that Defendant made certain changes to the pay plans over the years since 2013, but they did not change the substance of the manner in which the pay plan operated or was applied.

33. Defendant's breached the contract with Plaintiff and Class members by deducting and recovering, and creating a deficit to carry forward to deduct and recover, draw amounts paid for rest breaks and non-sales activities from Class members' commissions. These deductions or recoveries constitute a breach of contract because they are not allowed and/or are prohibited by Washington law.

34. Defendant's breach of contract has damages Plaintiff and the Class, including but not limited to by, depriving them of wages and compensation due under the contract, in amounts to be         determined at trial.

9

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION
## WILLFUL REFUSAL TO PAY WAGES
### (Against All Defendants)

35. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

36. Defendant's have denied Plaintiff wages and benefits of employment, including contractual amounts owed, as alleged herein. Defendant's deduction of draw amounts from commissions, and failure to otherwise pay for rest break and non-sales time, violated Washington law, and therefore the contracts with Plaintiff and Class members.

37. Revised Code of Washington §49.52.070 provides, in pertinent part, that no employer shall "deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any . . . contract."

38. Defendant's conduct, in deducting draws from commission, resulted in depriving Plaintiff and Class members of their pay for rest breaks and non-sales work performed, in violation of Revised Code of Washington §49.52.050 and Defendant's contractual pay plan. Defendant is, therefore, liable to Plaintiff for all such pay and other improperly withheld, deducted or rebated wages or earnings, and double damages, under Revised Code of Washington §49.52.070. Plaintiff and the Class have been deprived of wages and/or compensation, and Defendant is are liable for actual damages, double damages, and attorneys' fees and costs, in amounts to be determined at trial.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class

action;

B. A declaration Defendant is financially responsible for notifying all Class members of its wage and hour violations;

C. Appoint Plaintiff as class representative;

D. Appoint the undersigned as class counsel;

E. Declare the actions complained of violate Washington law;

F. Award Plaintiff and the class compensatory damages, including lost wages

G. Award Plaintiff and the class breach of contract damages, including lost wages;

H. Award Plaintiff and the class damages and/or compensation for unpaid rest breaks;

I. Award Plaintiff and the class all minimum wages owed;

J. Award double damages pursuant to Revised Code of Washington §49.50.050.

K. For all applicable statutory penalties under Washington law;

L. Prejudgment interest at the maximum legal rate;

M. Reasonable attorneys' fees;

N. Accounting of Defendant's records for the liability period;

O. General, special and consequential damages, to the extent allowed by law;

P. Costs of suit; and

Q. Such other relief as the Court may deem just and proper.

DATED: August 16, 2018            **HAFFNER LAW PC**

By:  /s/ Joshua H. Haffner
Joshua H. Haffner, WSBA #53292
Graham G. Lambert (*pro hac vice* pending)
445 South Figueroa Street, Suite 2325

**CLASS ACTION COMPLAINT**

Los Angeles, California 90071<br>
Telephone: (213) 514-5681<br>
Facsimile: (213) 514-5682<br>
Email:  jhh@haffnerlawyers.com<br>
gl@haffnerlawyers.com<br>
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and the Class members on all claims so triable.

DATED:  August 16, 2018                    **HAFFNER LAW PC**


By:   /s/ Joshua H. Haffner
      Joshua H. Haffner, WSBA #53292
      Graham G. Lambert (*pro hac vice* pending)
      445 South Figueroa Street, Suite 2325
      Los Angeles, California 90071
      Telephone: (213) 514-5681
      Facsimile: (213) 514-5682
      Email: jhh@haffnerlawyers.com
             gl@haffnerlawyers.com

      Attorneys for Plaintiff