The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN G. BOYD, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 2:18-CV-01207-TSZ<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**NOTE ON MOTION CALENDAR:**<br>June 19, 2020 |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** on June 19, 2020, or as soon thereafter as counsel may be heard by the Honorable. Thomas S. Zilly, of the United States District Court, Western District of Washington, located at 700 Stewart Street, Suite 15229, Seattle, WA 98101-9906, Plaintiff Kevin G. Boyd ("Plaintiff"), individually and on behalf of all others similarly situated, will, and hereby

does, move the Court pursuant to Federal Rule of Civil Procedure 23 for an order:

1) Preliminarily approving the Settlement Agreement between Plaintiff and Defendant Bank of America, N.A., on the grounds that its terms are sufficiently fair, reasonable, and adequate for notice to be issued to the Class;

2) Certifying the proposed Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(c);

3) Approving the form and content of the proposed Notice of Settlement and notice plan;

4) Appointing Joshua H. Haffner and Graham G. Lambert of Haffner Law PC as the Class Counsel;

5) Appointing Rust Consulting, Inc. as Settlement Administrator;

6) Scheduling a hearing regarding final approval of the proposed Settlement, Class Counsel's request for attorneys' fees and costs, and enhancement payments to the named Plaintiff; and

7) Granting such other and further relief as may be appropriate.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities below; the Declaration of Joshua H. Haffner filed concurrently herewith; all supporting exhibits filed concurrently herewith; all other pleadings and papers filed in this action; and any argument or evidence that may be presented at or prior to the hearing in this matter.

DATED:  May 28, 2020                    HAFFNER LAW PC


                                        By: /s/Graham G. Lambert
                                            Joshua H. Haffner
                                            Graham G. Lambert
                                            Attorney for Plaintiffs

# TABLE OF CONTENT

I.     INTRODUCTION ........................................................................................... 6
II.    FACTUAL BACKGROUND ........................................................................ 7
       A.   Litigation History ................................................................................ 7
       B.   Discovery ............................................................................................. 7
III.   TERMS OF THE SETTLEMENT ................................................................ 7
       A.   Monetary Relief ................................................................................... 7
       B.   Releases ............................................................................................... 8
       C.   Plan of Allocation ............................................................................... 8
       E.   Notice Plan .......................................................................................... 8
IV.    LEGAL STANDARD ................................................................................... 9
V.     CERTIFICATION OF THE SETTLEMENT CLASS ............................... 10
       A.   Requirements of Fed. R. Civ. P. 23(a) .............................................. 10
            1.    Numerosity .............................................................................. 10
            2.    Commonality ........................................................................... 11
            3.    Typicality ................................................................................ 11
            4.    Adequacy ................................................................................ 12
       B.   Requirements of Fed. R. Civ. P. 23(b) .............................................. 12
VI.    THE SETTLEMENT IS FAIR, REASONABLE, AND
       ADEQUATE ................................................................................................ 13
       A.   The Settlement is a Product of Serious, Informed, Non-
            Collusive Negotiations ...................................................................... 13
       B.   The Settlement Has No Obvious Deficiencies .................................. 14
            1.    Release .................................................................................... 14
            2.    Notice Plan .............................................................................. 14
            3.    Claim Process ......................................................................... 15
            4.    Attorneys' Fees ....................................................................... 16
       D.   The Settlement Falls Within the Range of Possible
            Approval ............................................................................................ 16

VIII. CONCLUSION ................................................................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Acosta v. Trans Union, LLC*,
  243 F.R.D. 377 (C.D. Cal. 2007) ................................................................... 13

*Bellinghausen v. Tractor Supply Company*,
  303 F.R.D. 611, (N.D. Cal. 2014) .................................................................. 18

*Brotherson v. Professional Basketball Club, L.L.C.*,
  2010 WL 11523907 *2 (W.D. Wash. 2010) .................................................. 16

*Burden v. SelectQuote Ins. Servs.*,
  No. C 10-05966 SBA, 2013 WL 1190634 (N.D. Cal. Mar. 21, 2013) ......... 15

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ....................................................................... 10

*Cotter v. Lyft, Inc.*,
  193 F. Supp. 3d 1030 (N.D. Cal. 2016) ........................................................ 14

*Covillo v. Specialtys Cafe*,
  No. C-11-00594 DMR, 2013 WL 5781574 (N.D. Cal. Oct. 25, 2013) ........ 15

*Deaver v. Compass Bank*,
  2015 WL 4999953 (N.D. Cal. Aug. 21, 2015) ........................................ 14, 16

*Does 1-10 v. University of Washington*,
  326 F.R.D. 669 (W.D. Wash. April 24, 2018) .............................................. 11

*Flanagan, et al. v. Bank of America*,
  Case No. 613647/2018 ..................................................................................... 8

*Gabriel v. Nationwide Life Ins. Co.*,
  2010 WL 11684279 (W.D. Wash. May 17, 2010) ........................................ 13

*Glass v. UBS Financial Services, Inc.*,
  2007 WL 221862 (N.D. Cal., Jan. 26, 2007) ................................................. 18

*Greko v. Diesel U.S.A., Inc.*,
    2013 WL 1789602 (N.D. Cal. Apr. 26, 2013) .............................................. 18
*Hall v. L-3 Communications Corporation*,
    2019 WL 3845462 (E.D. Wash. Jan. 25, 2019) ............................................. 9
*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................. 10-11
*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ................................................................. 10, 12
*Harris v. Vector Marketing Corp.*,
    2011 WL 1627973 (N.D. Cal. April 29, 2011) ............................................ 10
*Ikuseghan v. Multicare Health System*,
    2016 WL 3976569 (W.D. Wash. July 25, 2016) ......................................... 10
*LED, LLC v. eBay, Inc.*,
    2013 WL 6114379 (N.D. Cal. Nov. 20, 2013) ............................................ 14
*Lozano v. AT&T Wireless Services, Inc.*,
    504 F.3d 718 (9th Cir. 2007) ..................................................................... 12
*Miller v. Ghirardelli Chocolate Co.*,
    2015 WL 758094 (N.D. Cal. Feb. 20, 2015) .............................................. 16
*Morris v. Lifescan, Inc.*,
    54 Fed.Appx. 663 (9th Cir. 2003) .............................................................. 16
*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal 2004) ................................................................. 9
*Noll v. eBay, Inc.*,
    309 F.R.D. 593 (N.D. Cal. 2015) ............................................................... 11
*Officers for Justice v. Civil Serv. Comm'n of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) ..................................................................... 10
*Officers for Justice v. Civil Serv. Comm'n*,

| | |
|---|---|
| 688 F.2d 615 (9th Cir. 1982) | 10 |
| *Pierce v. Novastar Mortgage, Inc.*, | |
| 2007 WL 1847216 (W.D. Wash. June 27, 2007) | 9 |
| *Satchell v. Fed. Express Corp.*, | |
| 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) | 13 |
| *Silber v. Mabon*, | |
| 18 F.3d 1449 (9th Cir. 1994) | 15 |
| *Stockwell v. City & Cty. of S.F.,* 749 F.3d 1107 | 11 |
| *Stuart v. Radioshack Corp.,* No. C-07-4499 EMC, 2010 WL 3155645, at *2 (N.D. Cal. Aug. 9, 2010) | 15 |
| *United States Dist. Court for W. Dist. of Washington in Sampson v. Knight Transp., Inc.*, 193 Wn.2d 878, 893 (2019) | 17 |
| *Vasquez v. Coast Valley Roofing, Inc.*, | |
| 266 F.R.D. 482 (E.D. Cal. 2010) | 14,16 |
| *Wal-Mart Stores, Inc. v. Dukes*, | |
| 131 S. Ct. 2541 (2011) | 11 |
| *Wolin v. Jaguar Land Rover North America, LLC*, | |
| 617 F.3d 1168 (9th Cir. 2010) | 13 |
| *Zinser v. Accufix Research Inst., Inc.*, | |
| 253 F.3d 1180 (9th Cir. 2001) | 10 |

**Statutes**

| | |
|---|---|
| Code of Washington §49.52.070 | 17, 18 |
| Fed. R. Civ. P. 23(b)(3) | 12 |
| Fed. R. Civ. P.23(a)(2) | 11 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Kevin G. Boyd ("Plaintiff"), as an individual and on behalf of all others similarly situated, have reached a settlement with Defendant Bank of America, N.A. ("Defendant" or "BofA"), which will resolve Washington wage and hour claims against Defendant arising out of Defendant's policies and procedures regarding the compensation plan for BofA's Lending Officers. In particular, that BofA's compensation scheme failed to compensate for non-sales time and rest breaks. The terms of said settlement agreement are reflected in the Joint Stipulation re: Class Action Settlement and Release. *See* Declaration of Joshua H. Haffner ("Haffner Decl."), Exh 1, ("Settlement Agreement").

Discussions and negotiations between counsel for the Parties, formal and informal disclosures and discovery, a full-day mediation, as well as the investigation and evaluation of the claims of Plaintiff by the Parties have permitted both sides to accurately assess the merits of the claims and the defenses to those claims. The Parties agree that the above-described discovery, investigation and evaluation, as well as documents exchanged are sufficient to assess the merits of the Parties' respective positions and to compromise the issues in a fair and equitable basis. The Parties have, therefore, concluded it is desirable that the action be settled, upon such terms and conditions as set forth in the Settlement Agreement.

In exchange for the releases set forth in the Settlement Agreement, Defendant has agreed to a settlement that provides monetary relief for the Settlement Class Members, as defined in the Settlement Agreement. The Settlement involves a non-reversionary settlement fund in the amount of $225,000.00. This is a good result. Plaintiff, on behalf of himself and the Settlement Class Members, faces uncertainty litigating this dispute through trial and potentially appeals. Plaintiff also faces additional challenges to both the merits and to class certification.

Therefore, Plaintiff submits that this Settlement Agreement, in light of the above considerations, should be preliminarily approved.

II.   **FACTUAL BACKGROUND**

   A.   **Litigation History**

   This case was filed on August 16, 2018 in the Western District of Washington. Dkt. No. 1. The complaint asserts a Washington state-wide class action for breach of contract because the deductions or recoveries contained in Defendant's mortgage broker pay plan are not allowed and/or are prohibited by Washington law. See generally, *id*. The central allegation is that Defendant's compensation plan fails to pay for rest break and non-sales time, because it only pays a draw against commission. *Id*.

   After exchanging discovery, the parties agreed to private mediation to attempt to resolve the case. On November 6, 2019, the Parties engaged in private mediation with the mediator Michael Loeb. Haffner Decl. at ¶ 6. The mediation was ultimately successful and the parties arrive at the Settlement Agreement that is memorialized in Exhibit 1 to the Declaration of Joshua H. Haffner. *Id*.

   B.   **Discovery**

   Plaintiff and Defendant have conducted formal and informal discovery. The parties have both provided initial disclosures. Defendant has also responded to Plaintiff's interrogatories and requests for production of documents, and has formally produced hundreds of pages of documents in response. Haffner Decl. at ¶ 5. Defendant also informally produced information in advance of the mediation, including the class size, the rate of pay and how it is calculated, and other pertinent information. *Id*.

III.   **TERMS OF THE SETTLEMENT**

   A.   **Monetary Relief**

   Under the terms of the settlement, Defendant will pay a non-reversionary Gross Settlement Value of Two Hundred Twenty-Five Thousand Dollars ($225,000.00). Settlement Agreement ¶ 8.

### B. Releases

In exchange for the monetary consideration provided to Settling Class Members, Settling Class Members will release all claims that were alleged or could have been alleged based on the facts, allegations, and legal theories in the complaints in the Action, *i.e.*, the Released Class Claims. Settlement Agreement ¶ 53.

### C. Plan of Allocation

The Gross Settlement Value ("GSV") shall be $225,000.00. Settlement Agreement ¶ 8. Attorneys' fees and costs, the Enhancement Award, and the Class administrator fees will be deducted from the GSV resulting in the "Net Settlement Value" ("NSV"). Settlement Agreement ¶ 42(a)-(d). The NSV shall be allocated among the Settling Class Members in proportion to the number of weeks worked during the applicable period by a particular Class Member divided by the total number of Compensable Weeks by all Class Members, the "Class Member Payment." Settlement Agreement ¶¶ 49-50. However, any week during the Settlement Period that overlaps with the settlement in *Flanagan, et al. v. Bank of America*, Case No. 613647/2018 (Supreme Court of New York, County of Suffolk), will be treated as one-twentieth (1/20th) of a Compensable Week for purposes of this allocation. Settlement Agreement ¶ 49(a). Any amount of settlement checks that are not cashed shall constitute the Residual Amount and shall be allocated to the Legal Foundation of Washington. Settlement Agreement ¶ 42(e).

Participating Class Members will receive their payments by check via mail at their last known mailing address. Settlement Agreement ¶¶ 18-19.

### E. Notice Plan

The Settlement provides that a Notice of Settlement will be sent to Settlement Class Members via U.S. Mail. Settlement Agreement ¶¶ 18-19. A reminder postcard will also be sent to all Settlement Class Members who have not responded no later than twenty (20) days before the expiration of the notice period. Settlement Agreement ¶ 19. The Parties believe that this will be the most effective way to distribute notice. As part of the employment process, Defendant collected and maintained the mailing address for all Settling Class Members. Defendant will

1  provide this information to the Settlement Administrator in the form of an electronic spreadsheet.
2  Settlement Agreement ¶ 18.
3       Pursuant to Rule 23, the notice will include information concerning the nature of the
4  lawsuit; the release; the definition of the Settlement Class; the claims, issues, and defenses; that
5  Settling Class Members may opt out or object to the Settlement; that a Settlement Class Member
6  may enter an appearance through an attorney; and the binding effect of judgment on Settlement
7  Class Members. *See* Haffner Decl., Exh. 2, Proposed Notice Of Class Action Settlement.
8       Settling Class Members shall have 60 days from day the notices are mailed to opt out of
9  the proposed settlement by submitting a Request for Exclusion, and/or submit an objection to the
10  Settlement. Settlement Agreement at ¶ 23.

11  **IV.   LEGAL STANDARD**

12       Federal Rule of Civil Procedure 23(e) provides that any compromise of a class action
13  must receive Court approval. A proposed class action settlement involves two stages: "a
14  preliminary fairness evaluation," and "[a]t the second stage, if the proposed class settlement
15  appears sufficiently fair, reasonable, and adequate, class members are provided notice of a
16  formal Federal Rule 23(e) fairness hearing." *Pierce v. Novastar Mortgage, Inc.*, 2007 WL
17  1847216 *3 (W.D. Wash. June 27, 2007); *see also Nat'l Rural Telecomms. Coop. v. DIRECTV,*
18  *Inc.*, 221 F.R.D. 523, 525 (C.D. Cal 2004).

19       A court should grant preliminary approval if the parties' settlement agreement "appears
20  to be the product of serious, informed, non-collusive negotiations; has no obvious deficiencies;
21  does not grant preferential treatment to class representatives, and falls within the range of
22  possible approval." *Hall v. L-3 Communications Corporation*, 2019 WL 3845462, at *3 (E.D.
23  Wash. Jan. 25, 2019).

24       Moreover, a class settlement is presumed fair if "it is the product of arm's length
25  negotiations conducted by capable counsel with extensive experience in complex class action
26  litigation," and after thorough discovery. *Ikuseghan v. Multicare Health System*, 2016 WL
27  3976569, at *3-4 (W.D. Wash. July 25, 2016). "In deciding whether to approve a proposed
28

9    Case No. 2:18-cv-01207-TSZ

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

settlement, the Ninth Circuit has a 'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) *citing Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "Generally, the district court's review of a class action settlement is 'extremely limited.'" *Harris v. Vector Marketing Corp.*, 2011 WL 1627973, at *7 (N.D. Cal. April 29, 2011) *citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). "The Court considers the settlement as a whole, rather than its components, and lacks the authority to 'delete, modify or substitute certain provision[s].'" *Id. citing Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982).

## V. CERTIFICATION OF THE SETTLEMENT CLASS

Where a litigation class has not been previously certified, courts must confirm the propriety of a settlement class by determining if it meets the four prerequisites identified in Federal Rule of Civil Procedure 23(a) and additionally fits within one of the three subdivisions of Federal Rule of Civil Procedure 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

Here, the Parties have agreed to the following Settlement Class:

> "All persons who are or have been employed in job codes SM009, SM171, SM172, SM603, SM604, SM605, SM610, SM611, SM612, and/or SM614 by Bank of America, N.A, and/or Bank of America Corporation in the State of Washington at any time from 08/12/2012 to the date of Preliminary Approval of the Settlement (the "Covered Period")." Settlement Agreement ¶ 11.

### A. Requirements of Fed. R. Civ. P. 23(a)

Rule 23(a) requires that a plaintiff demonstrate: (1) numerosity of plaintiffs; (2) common questions of law or fact; (3) that the named plaintiff's claims and defenses are typical; and (4) that the named plaintiff can adequately protect the interests of the class. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

#### 1. Numerosity

A plaintiff will satisfy the numerosity requirement if "the class is so numerous that joinder of all members is impracticable." FRCP 23(a)(1). "Although 'satisfaction of the

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1  numerosity requirement is not dependent on any specific number of proposed class members,…

2  where the number of class members exceeds 40, and particularly where class members number

3  in excess of 100, the numerosity requirement will generally be found to be met.'" *Does 1-10 v.*

4  *University of Washington*, 326 F.R.D. 669, 678-79 (W.D. Wash. April 24, 2018) *quoting Noll v.*

5  *eBay, Inc.*, 309 F.R.D. 593, 602 (N.D. Cal. 2015).  Here, the Settlement Class consists of

6  approximately 376 members.  Thus, numerosity is easily satisfied.

### 2. Commonality

8  Certification is appropriate under the commonality prong when "there are questions of

9  law or fact common to the class." FRCP 23(a)(2). It is not necessary that all question of law and

10 fact be common. *Hanlon,* 150 F.3d at 1019. Commonality may be satisfied by a single common

11 question of law or fact. *Id.* (stating that either "shared legal issues with divergent factual

12 predicates" or "a common core of salient facts coupled with disparate legal remedies within the

13 class" satisfies this criterion). In *Wal-mart Stores v. Dukes,* the Supreme Court stated class

14 "claims must depend upon a common contention … of such a nature that it is capable of

15 classwide resolution—which means that determination of its truth or falsity will resolve an issue

16 that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v.*

17 *Dukes*, 564 U.S. 338, 350 (2011).

18 Here, the theory of recovery and common questions of law and fact are based on

19 Defendant's compensation policies for all mortgage loan officers and these policies apply to all

20 Settlement Class Members.  Thus, the determination of these issues will "be so for all class

21 members or for none; their claims rise and fall together." (*Stockwell v. City & Cty. of S.F., 74*9

22 F.3d 1107, 1115 (9th Cir. 2014).)  Accordingly, the commonality requirement of Rule 23 is

23 satisfied.

### 3. Typicality

25 For typicality to exist, class representative plaintiffs must have claims "reasonably co-

26 extensive with those of absent class members," but need not be "substantially identical."

27 *Hanlon,* 150 F.3d at 1020. The test is "whether other members have the same or similar injury,

28

whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon,* 976 F.2d at 508. "In determining whether typicality is met, the focus should be on the defendants' conduct and plaintiff's legal theory, not the injury caused to the plaintiff." *Lozano v. AT&T Wireless Services, Inc.,* 504 F.3d 718, 734 (9th Cir. 2007).

Here, Plaintiff's claims arise out of the same policies and conduct by Defendant regarding compensation and rest breaks applicable to all Defendant's mortgage loan officers. Thus, the typicality requirement is met.

### 4. Adequacy

"Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. As discussed above, Plaintiff contends his individual claims are consistent with the claims of other Settlement Class Members he seeks to represent. Additionally, Plaintiff's counsel has significant experience litigating wage and hour class action cases. Haffner Decl. at ¶¶ 8-12. Accordingly, the adequacy of representation requirement has been met.

### B.   Requirements of Fed. R. Civ. P. 23(b)

Rule 23(b)(3) requires the Court to find that: (1) "the questions of law or fact common to Class Members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

For reasons similar to those discussed above in connection with the "commonality" inquiry, Plaintiff contends that questions of law or fact common to Settlement Class Members predominate over individualized inquiries. Most notably, the issue of whether Defendant's rest break policies and compensation plan violated Washington law can be adjudicated on a class wide basis, as can Settlement Class Members' substantive claims.

In addition, Plaintiff contends class-wide treatment is superior to numerous individual actions as there are approximately 376 Settlement Class Members. Moreover, individual resolution of the Settlement Class Members' claims would realistically result in small settlements with minimal deterrent effect, if they are remedied at all. *See, e.g., Wolin v. Jaguar Land Rover North America, LLC,* 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification."). Accordingly, all requirements for a settlement class under Rule 23 have been met, and the Court should certify the proposed Settlement Class.

## VI.  THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

"Preliminary approval of a settlement and notice to the class is appropriate if it: (1) is the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) falls within the range of possible approval; and (4) does not improperly grant preferential treatment to class representatives or segments of the class. *Gabriel v. Nationwide Life Ins. Co.,* 2010 WL 11684279, at *6 (W.D. Wash. May 17, 2010).

### A.  The Settlement is a Product of Serious, Informed, Non-Collusive Negotiations

For the parties "to have brokered a fair settlement, they must have been armed with sufficient information about the case to have been able to reasonably assess its strengths and value." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 396 (C.D. Cal. 2007). Thus, adequate discovery and the use of an experienced mediator support a finding that settlement negotiations were both informed and non-collusive. *See Satchell v. Fed. Express Corp.*, 2007 WL 1114010, *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive").

Here, the Parties exchanged discovery and information prior to engaging in a mediation, including exchange of damages discovery concerning the claims at issue here. The Parties met with a highly experienced mediator who is very knowledgeable about wage and hour issues. The settlement the Parties reached was the result of thorough negotiations by experienced counsel

1   familiar with the applicable law, class action litigation, and the facts of this case. The Parties had
2   ample information, expert guidance from an experienced mediator, and intimate familiarity with
3   the strengths and weaknesses of their respective cases before settling. *See Vasquez v. Coast*
4   *Valley Roofing, Inc.*, 266 F.R.D. 482, 489 (E.D. Cal. 2010) (approving settlement where, "[b]y
5   the time the settlement was reached, the litigation had proceeded to a point in which both
6   plaintiffs and defendants had a clear view of the strengths and weaknesses of their cases.").

   **B.     The Settlement Has No Obvious Deficiencies**

8   A court should also consider possible deficiencies in a settlement including, for example,
9   issues surrounding the release of claims, the notice plan, the plan of allocation, and a request for
10  attorneys' fees. *See Custom LED, LLC v. eBay, Inc.*, 2013 WL 6114379, at *7-8 (N.D. Cal. Nov.
11  20, 2013); *Deaver v. Compass Bank*, 2015 WL 4999953, at *7 (N.D. Cal. Aug. 21, 2015).

   **1.     Release**

13  Releases in class settlements should be approved when claims released by unnamed class
14  members are limited to those related to the conduct alleged in the complaint.  *Cotter v. Lyft, Inc.*,
15  193 F. Supp. 3d 1030, 1038 (N.D. Cal. 2016) ("What matters is whether the released claims arise
16  from the same facts as those alleged in the lawsuit, and whether the settlement as a whole is
17  reasonable in light of the strength and value of all the claims being released.").

18  The scope of the Released Class Claims here follows the above parameters, as it is
19  limited to claims based on or reasonably related to the claims asserted in the Actions.  Claims
20  that arise against Defendant following the Settlement Class Members' deadline to opt out of the
21  Settlement are likewise not released (nor could they be released).

   **2.     Notice Plan**

23  Under Fed. R. Civ. P. 23(c)(2)(B), a class notice must clearly and concisely state in plain,
24  easily understood language: (i) the nature of the action; (ii) the definition of the class certified;
25  (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance
26  through an attorney if the member so desires; (v) that the court will exclude from the class any
27  member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the

28

14                                      Case No. 2:18-cv-01207-TSZ

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

binding effect of a class judgment on members under Rule 23(c)(3). Class members are entitled to the best notice practicable, reasonably calculated under the circumstances to apprise him or her of the pendency of the class action. *Silber v. Mabon*, 18 F.3d 1449, 1453–54 (9th Cir. 1994).

Here, the proposed notice is easy to read and includes all information necessary for Settling Class Members to decide whether to participate in the Settlement, opt-out, or object during the 60-day notice period. See Haffner Decl., Exh. 2, sections 9 & 10.  Class Members and will receive the notice by U.S. Mail at the most recent address they provided to Defendant.  In the event that mail is returned to the Settlement Administrator as undeliverable, the Notice of Settlement will be forwarded to the forwarding address affixed thereto, or, if no forwarding address is provided, the Settlement Administrator will attempt to determine the correct address via skip-trace, or other search using the name, address, and/or Social Security Number associated with the employee, and re-mail the Notice of Settlement to the new address. This notice plan is an efficient, effective, and cost-efficient way to provide notice of the settlement to Class Members.

### 3.     Claim Process

District courts routinely approve the use of a claims process where (as here) the agreement also provides that there will not be a reversion of funds to the defendant. *Il Fornaio (Am.) Corp. v. Lazzari Fuel Co.*, *LLC*, No. C 13-05197 WHA, 2014 WL 6845197, at *5 (N.D. Cal. Dec. 4, 2014); *Stuart v. Radioshack Corp.,* No. C-07-4499 EMC, 2010 WL 3155645, at *2 (N.D. Cal. Aug. 9, 2010); *Covillo v. Specialtys Cafe,* No. C-11-00594 DMR, 2013 WL 5781574, at *4, 7 (N.D. Cal. Oct. 25, 2013); *Burden v. SelectQuote Ins. Servs.*, No. C 10-05966 SBA, 2013 WL 1190634, at *3, 6 (N.D. Cal. Mar. 21, 2013).

Here, the Parties have agreed to a non-reversionary claims process, pursuant to which Settlement Class Members will receive a payment as long as they do not opt-out of the Settlement.    Settlement Agreement at ¶ 42(e).

///

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

#### 4. Attorneys' Fees

As will be briefed prior to final approval, Plaintiff's Counsel intends to apply for fees not to exceed 30% of the gross settlement fund and costs not to exceed $8,000.00. Settlement Agreement ¶ 37. This is within the typical range for class action fees in this circuit. *Barbosa*, 297 F.R.D. at 448 ("The typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value."); *see also Morris v. Lifescan, Inc.*, 54 Fed.Appx. 663, 664 (9th Cir. 2003) (holding that the district court did not abuse its discretion when it awarded a one-third attorneys' fee); *Brotherson v. Professional Basketball Club, L.L.C.*, 2010 WL 11523907 *2 (W.D. Wash. 2010) (finding a 30% attorneys' fee was appropriate); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (collecting recent wage and hour cases in which counsel received fee awards in the range of 33.3% to 30% of the common fund).

### D. The Settlement Falls Within the Range of Possible Approval

"To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiff's expected recovery balanced against the value of the settlement offer." *Deaver v. Compass Bank*, 2015 WL 4999953, *9 (N.D. Cal. Aug. 21, 2015). "When determining the value of a settlement, courts consider both the monetary and nonmonetary benefits that the settlement confers." *Miller v. Ghirardelli Chocolate Co.*, 2015 WL 758094, *5 (N.D. Cal. Feb. 20, 2015). Further, the recommendations of plaintiffs' counsel should be given a presumption of reasonableness. *In re Omnivision Technologies, Inc.* 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008).

In negotiating the settlement, Plaintiffs made the following approximate valuation of the rest break claim. Based on discovery, Plaintiff calculated the average hourly salary for each of the different job titles (E.g.: Mortgage Loan Officer, Lending Associate, Senior Lending Associate, etc.) within the Settlement Class.

Plaintiff then estimated that Plaintiff and the Settlement Class missed two 10-minute rest breaks per day, entitling them to compensation for 20 minutes of missed rest break time per day.

1  Plaintiff further assumed that these because the 20 minutes extended the day, they were added on
2  at the end of the day and should be compensated at the overtime rate.  Thus, Plaintiff multiplied
3  the hourly rates by 1.5x.
4      Plaintiff then assumed that Settlement Class Members worked on average 5 days per week
5  and thus, multiplied the daily damages amount by 5 for total weekly damages.  Lastly, Plaintiff
6  multiplied the weekly damages by the total number of weeks worked[1] by Settlement Class
7  Members of that particular job title and added them all together to calculate the total damages for
8  all Settlement Class Members.  Based thereon, Plaintiff calculated damages to be approximately
9  $625,714.22.
10     Plaintiff did not assign any value to his claim for uncompensated non-sales time due to the
11 Washington Supreme Court's ruling in *Certification from United States Dist. Court for W. Dist. of*
12 *Washington in Sampson v. Knight Transp., Inc.*, 193 Wn.2d 878, 893 (2019) which ruled that "the
13 MWA does not require nonagricultural employers to pay their piece-rate employees per hour for
14 time spent performing activities outside of piece-rate work."
15     Plaintiff then doubled the potential rest break damages of $625,714.22 pursuant to Revised
16 Code of Washington §49.52.070 for total damages of $1,251,428.44.
17     While Plaintiff is optimistic that he would succeed on the merits, in reaching this
18 settlement, they reasonably considered certain risks. Chief among these risks was that: (1) that
19 Plaintiffs may not prevail on some or all of their substantive claims, (2) that Defendant may not
20 have been found to have acted willfully, (3) that Plaintiff's causes of action may not be amenable
21 to class-wide resolution; (4) the uncertainty associated with trial; and (5) Defendant would likely
22 appeal any adverse orders or judgments. Haffner Decl. at ¶ 7.
23     Plaintiff's recovery represents a recover of approximately 18% of Plaintiff's total
24 valuation for the case.  This number rises 36% of the possible recover if double damages
25 pursuant to Revised Code of Washington §49.52.070 for willful violation is excluded.   Thus,

---

[1] Plaintiff's calculation total number of weeks worked excluded any weeks that were previously released by the class action *Flanagan, et al., v. Bank of America, N.A.,* Index No. 613647/2018 which partially overlapped with this class action.

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

this settlement is within the acceptable range of recovery in wage and hour class action settlements approved by courts. *See, e.g., Bellinghausen v. Tractor Supply Company*, 303 F.R.D. 611, 623-24 (N.D. Cal. 2014) (finding settlement amount of a wage and hour class action that equaled between 9% and 27% of the total potential liability to be fair, adequate and reasonable given the uncertainty of continued litigation); *Greko v. Diesel U.S.A., Inc.*, 2013 WL 1789602, *5 (N.D. Cal. Apr. 26, 2013) (finding settlement amount of a wage and hour class action that constituted 24% of estimated damages to be reasonable and beneficial to the class); *Glass v. UBS Financial Services, Inc.*, 2007 WL 221862, *4 (N.D. Cal., Jan. 26, 2007) (finding settlement of a wage and hour class action that constituted 25% to 35% of the claimed damages to be reasonable).

This is a good result in light of the aforementioned hurdles faced by Plaintiff and the Settlement Class.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff submits that the Parties' Settlement Agreement is fair and reasonable and should be preliminarily approved. Upon the Court's preliminary approval, Plaintiff will instruct the Settlement Administrator to proceed with the notice process and Plaintiff will request that the Court schedule a hearing for the Court to grant final approval and allow settlement payments to be distributed as set forth in the Settlement Agreement.

DATED: May 28, 2020                    HAFFNER LAW PC

                                       By: */s Joshua H. Haffner*
                                           Joshua H. Haffner
                                           Graham G. Lambert
                                           Attorney for Plaintiffs