The Honorable Thomas S. Zilly

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN G. BOYD, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., and DOES 1 through 10, inclusive,<br><br>        Defendant. | CASE NO. 2:18-CV-01207-TSZ<br><br>**NOTICE OF FILING SIGNED AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE WITH DEFENDANT'S SIGNATURE** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Please take notice that Plaintiff Kevin G. Boyd hereby files a signed Amended Joint Stipulation of Class Action Settlement and Release with Defendant Bank of America, N.A.'s signature, a copy of which is attached hereto as Exhibit 1.  A copy of this Amended Joint Stipulation of Class Action Settlement and Release only bearing Plaintiff's signature was filed on August 7, 2020.

DATED: August 20, 2020                    **HAFFNER LAW PC**

By: */s/ Joshua H. Haffner*
Joshua H. Haffner, WSBA 53292
Graham G. Lambert (CA S.B. #303056)
(admitted *pro hac vice*)
HAFFNER LAW PC
445 South Figueroa St., Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682
jhh@haffnerlawyers.com
gl@haffnerlawyers.com

Attorneys for Plaintiff KEVIN G. BOYD, an individual on behalf of himself and all others similarly situated

NOTICE OF FILING SIGNED AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE WITH DEFENDANT'S SIGNATURE

EXHIBIT 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STEVEN H. WINTERBAUER #16468
mail@winterbauerdiamond.com
WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Telephone:      206-676-8440
Facsimile:      206-676-8441

ADAM P. KOHSWEENEY (admitted *pro hac vice*)
akohsweeney@omm.com
SUSANNAH K. HOWARD (admitted *pro hac vice*)
showard@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111-3823
Telephone:      415-984-8912
Facsimile:      415-984-8701

Attorneys for Defendant
Bank of America, N.A.


JOSHUA H. HAFFNER #53292
(jhh@haffnerlawyers.com)
GRAHAM G. LAMBERT (admitted *pro hac vice*)
(gl@haffnerlawyers.com)
HAFFNER LAW PC
445 South Figueroa St., Suite 2325
Los Angeles, California 90071
Telephone:      213-514-5681
Facsimile:      213-514-5682

Attorneys for Plaintiff and the settling class

- 1 -

1

2

3

4

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

5

6

7

8

9

10

11

KEVIN G. BOYD, an individual, on behalf of himself and all others similarly situated,

                Plaintiff,

    v.

BANK OF AMERICA, N.A., and DOES 1 through 10, inclusive,

                Defendant.

Case No. 2:18-cv-01207-TSZ

**AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

12

13

**I.**
**PREAMBLE**

14

15

16

17

18

19

    1.    This Amended Class Settlement Agreement ("Settlement" or "Agreement") is entered into between Plaintiff Kevin G. Boyd ("Boyd" or "Named Plaintiff"), individually and as class representative on behalf of all individuals defined in Section III of this Agreement (collectively, with Named Plaintiff, the "Settling Class"), on the one hand, and defendant Bank of America, N.A. ("Defendant" or "BofA"), on the other hand.  The Settling Class and BofA are referred to collectively herein as the "Settling Parties."

20

21

22

    2.    Boyd, who was formerly employed by BofA as a Mortgage Loan Officer (job code SM009) and as a Mortgage Loan Specialist (job code SM111), filed a complaint commencing the above-captioned action in this Court on August 16, 2018 (the "Lawsuit").

23

24

25

26

27

28

    3.    The Lawsuit generally alleges that the Settling Class consists of "mortgage brokers" and/or "lending officers" of BofA who were subject to "rest break deductions" resulting "in no compensation . . . for non-sales activities." (Compl. ¶¶ 7, & 10-12.)  The Lawsuit also alleges that BofA violated "provisions of [its] contractual pay plan." (Compl. ¶ 13.)  Based on this allegation, the Lawsuit alleges claims for breach of contract and willful refusal to pay wages under, *inter alia*, Revised Code of Washington §§ 49.52.050, .070,

- 2 -

and .080.  The Lawsuit is as a class action, and the Named Plaintiff seeks actual damages, double damages, attorneys' fees and costs, declaratory relief, statutory penalties, interest, an accounting, general damages, special damages, consequential damages, and such other relief as the Court may award.

4.    BofA believes that the Lawsuit's claims and allegations are meritless, and contends that it has at all times complied with applicable law regarding the compensation fo the Settling Class.

5.    On November 6, 2019, the Settling Parties attended a private mediation in San Francisco, California before mediator Michael Loeb of JAMS, a highly regarded mediator who is intensely familiar with employment class actions lawsuits.  The mediation resulted in a mediator's proposal that was later accepted by both sides, resulting in a settlement in principle.

6.    During the course of the Lawsuit, the Settling Parties have engaged in significant investigation of the facts at issue and have exchanged documents and information, which have allowed the Settling Parties to fully assess the value of the claims involved.  The Settling Parties have agreed to avoid further litigation and to settle and resolve the Lawsuit, as well as all existing and potential disputes, actions, lawsuits, charges, and claims that are or could have been raised in the Lawsuit, to the fullest extent permitted by law and without any admission of liability or wrongdoing by either party.  The Named Plaintiff and his counsel have concluded that the Settlement is fair, reasonable, and in the best interests of the Settling Class and respectfully request that the Settlement be approved by the Court.

7.    This Agreement shall become effective upon the "Effective Date," as set forth in Section VII below.  The Settling Parties hereby agree to do all things and to engage in all procedures reasonably necessary and appropriate to obtain final Court approval of this Agreement, in consideration for:  (a) the payment by BofA of the consideration described herein, subject to the terms, conditions and limitations of this Agreement; and (b) the

- 3 -

dismissal with prejudice of the Lawsuit and release of claims by the Named Plaintiff and Settling Class Members, as described in Paragraphs 30, 53, 54, 55, and 56 of this Agreement.

## II.
## PAYMENTS TO THE SETTLING CLASS, CLASS COUNSEL, NAMED PLAINTIFF, AND THE CLAIMS ADMINISTRATOR

8.      Subject to Court approval, and the provisions of this Agreement, BofA shall pay an aggregate total of two hundred twenty-five thousand U.S. dollars and no cents ($225,000.00) (the "Gross Settlement Value" or "GSV") in consideration for the settlement and dismissal with prejudice of the Lawsuit and the related release of claims by the Named Plaintiff and the Settling Class Members may have against the BofA Releasees, as contained in Paragraphs 30, 53, 54, 55, and 56 of this Agreement.  If the number of Compensable Workweeks (as defined herein) worked by Settling Class Members as of 05/09/2019 is more than five percent (5%) greater than the thirty-two thousand five hundred and seven (32,507) weeks reflected in BofA's pre-mediation disclosures, the GSV will be increased in an amount proportional to the additional Compensable Workweeks.

9.      BofA shall deposit the full GSV in a non interest-bearing account to be established by the Claims Administrator (as defined in Paragraph 14) no later than ten (10) business days after notice of entry of Preliminary Approval.  The GSV shall remain in said account, pending occurrence of the Effective Date as defined in Section VII of the Agreement.  The Claims Administrator shall not disburse any portion of these funds until after the Effective Date.

10.     The Gross Settlement Value is the maximum amount that BofA shall be required to pay for settlement of the Lawsuit.  The GSV will cover compensation to the Settling Class, additional compensation to the Named Plaintiff as class representative, the cost of claims administration and notice, and attorneys' fees and reimbursement of litigation costs and expenses to Class Counsel (as defined in Sections IV and IX).  This is a

- 4 -

non-reversionary settlement, which means that once the Agreement is final and effective, no part of the GSV shall revert to BofA.

## III.
## SETTLING CLASS

11.    Solely for the purpose of effectuating this Settlement, and subject to Court approval, the Settling Parties hereby stipulate to the certification of a "Settling Class" comprised of "Settling Class Members" defined as follows:

> All persons who are or have been employed in job codes SM009, SM171, SM172, SM603, SM604, SM605, SM610, SM611, SM612, and/or SM614 by Bank of America, N.A, and/or Bank of America Corporation in the State of Washington at any time from 08/12/2012 to the date of Preliminary Approval of the Settlement (the "Covered Period").

12.    The individuals who worked in the above-referenced classifications during the Class Period shall be identified by BofA and provided to the Claims Administrator Pursuant to Paragraph 18 of this Agreement.  Persons who request exclusion from the Lawsuit pursuant to the terms of this Settlement shall not be a Settling Class Member, shall not share in the distribution of the GSV, and shall not be bound by the terms of this Settlement.

13.    The certification of the Settling Class, the Settling Parties' settlement of the Lawsuit, and their rights and obligations hereunder, are contingent upon final approval by the Court of this Agreement as to the Settling Class.  The Settling Class recognizes and agrees that – in consideration of the covenants undertaken herein by BofA, including, without limitation, BofA's agreement to pay the full amount of the Gross Settlement Value – this Agreement settles any and all claims, known and unknown, the Settling Class has or may have against BofA to the extent set out herein.

14.    Subject to Court approval, the Settling Parties agree that Rust Consulting, Inc. will be appointed as Claims Administrator.  The Claims Administrator will be responsible for establishing and maintaining a non interest-bearing account for the GSV; mailing the

class notices; receiving and logging adjustment forms and requests for exclusion; researching and updating addresses through skip-traces and similar means; answering questions from the Settling Class members; reporting on the status of the Settlement to the Settling Parties; preparing a declaration regarding its due diligence in the claims administration process; providing the Settling Parties with data regarding the filing of adjustment forms and Requests for Exclusion; calculating and distributing settlement checks; calculating tax obligations; calculating tax obligations, remitting any and all tax obligations to the appropriate taxing authorities, and paying all payroll tax obligations of Bank of America in accordance with applicable law and this Agreement to the appropriate taxing authorities; and doing such other things as the Settling Parties may direct.

## IV.
## APPOINTMENT OF CLASS COUNSEL

15.    Solely for the purpose of effectuating this Settlement, and subject to Court approval, the Settling Parties hereby stipulate to the certification of Joshua H. Haffner and Graham G. Lambert, Haffner Law PC, 445 South Figueroa Street Suite 2625, Los Angeles, California 90071, 213-514-5681, as Settling Class Counsel.

## V.
## SETTLEMENT APPROVAL PROCEDURES
## AND NOTICE TO CLASS MEMBERS

16.    The Settling Parties' settlement of the Lawsuit, and their rights and obligations hereunder, is expressly conditioned on both the Court's preliminary and final approval of this Settlement as to the class defined in Section III of this Agreement.

17.    As soon as practicable after the full execution of this Agreement, Class Counsel shall file a motion requesting an order which, *inter alia*, grants preliminary approval of the Settlement Agreement, certifies a settlement class for purposes of effectuating this Agreement only, and sets a date for the settlement fairness hearing ("Final Approval Hearing").  In conjunction with this request, Class Counsel shall submit this

- 6 -

Agreement, supporting papers, and proposed forms of all notices and other documents, in forms mutually agreed to by the Settling Parties, necessary to implement the Settlement Agreement. The Preliminary Approval Order shall provide for notice of the Agreement and related matters ("Settlement Class Notice") including notice of the procedure to withdraw from the Class to be sent to the Settling Class as specified herein. The Settlement Class Notice and related materials are further described in Paragraphs 45 and 46 of this Agreement.

18.    Not later than fifteen (15) business days after receipt of notice of the Court's entry of an Order of Preliminary Approval, and to the extent possible based on the presence of information in its records, BofA shall provide to the Claims Administrator, in electronic form, a spreadsheet that contains the name, social security number, dates of active employment in a class-qualifying capacity, and last known mailing address of every Settling Class Member. BofA shall meet-and-confer with the Claims Administrator regarding the format of said spreadsheet, and shall cooperate to provide any additional information which the Claims Administrator may request that is reasonable and necessary for the purpose of giving Class Notice, allocating and distributing the GSV, and otherwise administering this Agreement.

19.    Not later than ten (10) business days after receipt of the information described in Paragraph 18 of this Agreement, the Claims Administrator shall mail the Settlement Class Notice to all Settling Class Members whose address information is known. This mailing will be sent by first-class U.S. mail. Before mailing the Settlement Class Notice, the Claims Administrator shall run the Class member addresses through the U.S. Postal Service's Change of Address Database. Not later than twenty (20) calendar days before the Notice Period Deadline – as that term is defined in Paragraph 45 – the Claims Administrator shall mail out a reminder postcard to all Settling Class Members who have not yet returned an Adjustment Form or a Request for Exclusion.

20.    The Claims Administrator shall make such further efforts as are possible and reasonable (if any), to provide the Settlement Class Notice to Settling Class Members whose original Settlement Class Notice is returned as undeliverable, provided that all such efforts shall be completed by the thirtieth (30th) calendar day after the Settlement Class Notice is mailed.  The Claims Administrator shall document all efforts under this Section V, and keep such documentation for a period of four (4) years from the date of the Court's final approval of the settlement.

## VI.

## PROCEDURE FOR OBJECTIONS AND OPT-OUTS

21.    If any Settling Class Member believes that the proposed Settlement should not be approved by the Court for any reason, the Settling Class Member may object by: (1) filing a signed written objection in which the Settling Class Member provides their name, address and telephone number and states the basis for an objection with the Court and whether they are represented by counsel; (2) serving a copy of the objection on the Claims Administrator; and (3) sending copies of the objection to counsel for the Named Plaintiff and counsel for BofA.

22.    To be timely, objections must be received within sixty (60) days from the date the Settlement Class Notice is first mailed.  Objections not properly or timely made will not be considered.  Class members will also be notified by the Settlement Class Notice that they may appear at the Court hearing scheduled for final approval of the Settlement to have objections heard by the Court.  Objections not previously filed in writing in a timely manner will not be considered.  Any attorney who represents an individual objecting to the Settlement must file a Notice of Appearance with the Court and timely serve counsel for all parties.  All objections or other correspondence must state the name and number of the case, which is *Boyd v. Bank of America, N.A.*, Case No. 2:18-cv-01207-TSZ (W.D. Wa.).

23.    Any Settling Class Member who does not want to participate in this Settlement may "opt-out" of the Settlement by mailing a written Request for Exclusion to

the Claims Administrator. Requests for Exclusions must be post-marked no later than sixty (60) calendar days after the Settlement Class Notice is first mailed. For a Request for Exclusion to be valid, it must be actually received by the Claims Administrator and contain the name and signature of the Settling Class Member. The Request for Exclusion shall be in the form attached hereto as Exhibit C.

24.    If a Class member submits both a timely and valid Adjustment Form and a timely and valid Request for Exclusion, the latter-filed (to the extent still timely) shall be determinative. If the two documents are filed simultaneously, and both are timely and valid, the Claims Administrator shall attempt to contact the individual and determine his or her intent. If this attempt is unsuccessful, the Request for Exclusion shall be deemed invalid and the Settling Class Members shall be bound by and have the right to receive a payment through this Settlement.

25.    A Settling Class Member who timely complies with the exclusion procedures set forth herein shall be excluded from the Settling Class, shall have no standing to object to or otherwise be heard by the Court and/or on appeal with respect to any aspect of this Agreement, and shall be ineligible for any benefits of this Agreement.

26.    In addition to the list discussed in Paragraph 33, the Claims Administrator shall stamp the date received on the original of any Request for Exclusion it receives and serve copies of the Request(s) for Exclusion on counsel for BofA within three business days after receipt thereof.

## VII.

## THE EFFECTIVE DATE

27.    This Agreement shall become final and effective (the "Effective Date") on the occurrence of all of the following events described in Paragraphs 28 through 31.

28.    Entry by the Court of an Order of Preliminary Approval as discussed in Paragraph 17 of this Agreement, appointment of Class Counsel as described in Paragraph

- 9 -

15 of this Agreement, and appointment of a Claims Administrator as described in Paragraph 14 of this Agreement.

29.     Class Counsel filing, at or before the Final Approval Hearing, a declaration from the Claims Administrator:

(a)     Certifying that Class Notice to each Settling Class Member was sent in accordance with Sections V and XI of this Agreement and the Preliminary Approval Order;

(b)     Setting out the number of Class Notices that were returned as undeliverable, and any efforts under Paragraph 20 with regard to same; and

(c)     Delineating the number of putative Settling Class Members who submitted timely Requests for Exclusion, and providing participation metrics measured by both headcount and workweeks on a percentage and absolute numbers basis.

30.     Entry by the Court of an Order and Judgment Granting Final Approval and dismissing the Lawsuit with prejudice.  The parties shall jointly prepare and lodge a proposed Order and Judgment to this effect in advance of the Final Approval Hearing, which shall reflect, <u>inter</u> <u>alia</u>:  the dismissal of the Lawsuit with prejudice; that the Settlement is effective as a release of all claims alleged in the Lawsuit as to all individuals who did not exclude themselves from the Settlement, including those who did not cash a check or receive a payment; and the Court's approval of the settlement pursuant to the terms of this Agreement, including but not limited to the releases set out in Paragraphs 53, 54, and 55.

31.     The occurrence of the "Effective Date of Judgment," which shall be deemed to be the last to occur of the following:

(a)     If an appeal or other review is not sought from the Order and Judgment Granting Final Approval and Dismissing Lawsuit with Prejudice, the sixty-fifth (65th) calendar day after entry of the judgment; or

(b)     If an appeal or other review is sought from the Order and Judgment Granting Final Approval and Dismissing Lawsuit with Prejudice by a Settling Class Member, the day after the trial court's judgment is affirmed or the appeal or other review is dismissed or denied, and the judgment is no longer subject to judicial review or other challenge.

## VIII.
## EFFECT OF NON-APPROVAL,
## FAILURE OF THE EFFECTIVE DATE TO OCCUR, OPT-OUTS
## IN EXCESS OF FIVE PERCENT

32.     If any one of the events specified in Section VII do not occur, this Agreement shall be voidable at BofA's discretion, and any portion of the GSV previously deposited with the Claims Administrator shall immediately be returned to BofA.

33.     The Claims Administrator shall provide written notice to Class Counsel and counsel for BofA no later than five (5) business days after the Notice Period Deadline with a complete list of all putative Settling Class Members who have timely requested exclusion from the class and the number of workweeks associated with each.  BofA, in its sole and independent discretion, shall have the right, but not the obligation, to revoke this Agreement if Requests for Exclusion from the settlement are filed by five percent (5%) or more of the Settling Class, measured on a headcount or workweek basis.

34.     BofA must exercise its option under Paragraph 33, if at all, within fifteen (15) business days after receipt of the list of all excluded Class members referenced in Paragraph 33.

35.     In the event that the Agreement is voided pursuant to Paragraphs 32 or 33, then the following shall apply:

(a)     Nothing in this Agreement shall be construed as a determination, admission, or concession of any substantive or procedural issue in the Lawsuit, and nothing in this Agreement may be offered into evidence in any hearing or trial, or in

- 11 -

any subsequent pleading or in any subsequent judicial, arbitral, or administrative proceeding;

(b)    This Agreement shall be without force or effect, and the Lawsuit will continue to be litigates as if this Agreement never existed; and

(c)    The Settling Parties expressly reserve their rights with respect to the prosecution and defense of the Lawsuit as if this Agreement never existed; and

(d)    The Named Plaintiff and BofA shall each bear half (50%) of any costs for notice or claims administration incurred by the Claims Administrator through that date.

## IX.
## ATTORNEYS' FEES, COSTS AND EXPENSES, AND ENHANCEMENT AWARDS

36.    The Lawsuit alleges a potential claim for attorneys' fees and costs pursuant to, inter alia, the Washington Revised Code.  The Settling Parties agree that any and all such claims for attorneys' fees and costs have been settled in this Agreement.

37.    BofA recognizes that Class Counsel will apply to the Court for an award of: (i) attorneys' fees in an amount up to, but not more than, 30% of the GSV; (ii) reasonable and necessary costs and expenses (including expenses incurred by Named Plaintiff in the prosecution of this action) in an amount up to, but not more than, $8,000; and (iii) reasonable settlement administration costs in an amount up tom but not more than $13,500. BofA will not oppose Class Counsel's application under this Paragraph 37 and the Named Plaintiff, Class Counsel, and Settling Class Members shall not seek payment of attorneys' fees or reimbursement of costs or expenses except as set forth herein.  Class Counsel's application under this Paragraph 37 shall be scheduled for determination at the Final Approval Hearing, but Class Counsel's application shall be filed and served before the Class Notice is distributed and will be posted on Class Counsel's website and the Claims Administrator's website.

38.     BofA recognizes that, at the same time the application under Paragraph 37 is made, Class Counsel will also apply to the Court for an additional award to Named Plaintiff, in an amount not to exceed five thousand dollars ($5,000), as reasonable additional compensation for the time and effort expended by her in connection with the initiation and maintenance of the Lawsuit and in consideration for the additional release set out in Paragraph 54 (the "Enhancement Awards").  BofA will not oppose Class Counsel's application under this Paragraph 54 and the Named Plaintiff, Class Counsel, and Settling Class Members shall not seek payment of any additional enhancement awards except as set forth herein.  Any Enhancement Award will be in addition to any amount Boyd may be entitled to receive on account of his own status as a Settling Class Member under this Agreement.  Class Counsel's application under this Paragraph 38 shall be scheduled for determination at the Final Approval Hearing, but Class Counsel's application shall be filed and served before the Class Notice is distributed and will be posted on Class Counsel's website and the Claims Administrator's website.

39.     Any awards pursuant to Paragraphs 37 and/or 38 will be funded solely and completely from the GSV.

40.     If the Court does not approve the total amount of attorneys' fees, costs, and/or Enhancement Awards requested by Class Counsel pursuant to Paragraphs 37 and/or 38 of this Agreement, any remaining portion of requested amount will be added to the Net Settlement Value (as that term is defined in Paragraph 42(d) of this Agreement).  If Class Member Payments (as that term is defined in Paragraph 50 of this Agreement) have already been determined, the remaining portion of the requested amount will be added to the Residual Amount.

41.     Any proceedings or Court decisions related to Class Counsel's application for attorneys' fees, costs and expenses, and/or Enhancement Awards shall not terminate or cancel this Agreement, or otherwise affect the finality of the Court's Order and Judgment Granting Final Approval or the settlement of this Lawsuit.

- 13 -

# X.
## PLAN OF ALLOCATION AND
## DISTRIBUTION OF THE SETTLEMENT

42.     The GSV shall be allocated, in order, as follows:

(a)     First, to any attorneys' fees and reasonable and necessary costs and expenses of Class Counsel (including expenses incurred by Named Plaintiff in the prosecution of this action), as may be awarded by the Court pursuant to Paragraph 37 of this Agreement.

(b)     Second, to any Enhancement Award, as may be awarded by the Court pursuant to Paragraph 38 of this Agreement.

(c)     Third, to the costs and expenses incurred by, or fees imposed by, the Claims Administrator in performing its duties under this Agreement, pursuant to Paragraph 14 of this Agreement.

(d)     Fourth, to the "Net Settlement Value" or "NSV."   The Net Settlement Value shall be defined as the value of the GSV less the items described in Paragraphs 42(a)-(c).  The Net Settlement Value shall be allocated to the Settling Class as described in Section XI, and monies sufficient to cover BofA's employer's payroll tax obligations in connection with payments made to Settling Class Members pursuant to this Settlement.  The Claims Administrator shall be responsible for the allocation and distribution of the Net Settlement Value to the Settling Class Members who submit timely Adjustment Forms as set forth in Paragraph 45 herein.

(e)     Fifth, the amount of any settlement checks that are not cashed by Settling Class Members as well as any portion of the GSV not otherwise allocated under this Settlement shall be the Residual Amount.  The Residual Amount shall be allocated to the Legal Foundation of Washington.

43.     The Claims Administrator shall make payments from the GSV pursuant to this Section X within fifteen (15) court days after the Effective Date, but only after the Effective Date.

44.     In light of the nature of the claims in the Lawsuit, and the double damages provisions of Washington law, for the purposes of determining and/or calculating applicable taxes, the Claims Administrator shall allocate fifty percent (50%) of the total actually paid to each Settling Class Member to wages (to be reported on an Internal Revenue Service ("IRS") Form W-2) and fifty percent (50%) to non-wage compensation (to be reported on an IRS Form 1099). One hundred percent (100%) of the Named Plaintiff' Enhancement Award will be allocated to ordinary income, payable on an IRS Form 1099. The Named Plaintiff and Settling Class Members shall be individually responsible for any and all personal tax implications or obligations attributable to receipt of the Enhancement Award and/or Class Member Payments. Otherwise, the Claims Administrator shall be responsible for calculating and withholding, and timely remitting and reporting, all taxes to the appropriate taxing authorities, and for determining the proper tax reporting treatment for Court-approved claims administration services. BofA shall provide the Claims Administrator with any information reasonably necessary to perform the calculations discussed in this Paragraph 44.

## XI.
### DETERMINATION OF THE AMOUNT, PROCESSING, AND PAYMENT OF CLASS MEMBER CLAIMS

45.     The Class Notice sent to each Settling Class Member shall be accompanied by a separate Adjustment Form in a form to be mutually agreed upon by the Settling Parties. The Adjustment Form shall be individualized for each Settling Class Member with information reflecting the time periods during the Class Period in which the individual was actively employed in a class-qualifying capacity pursuant to the spreadsheet discussed in Paragraph 18 of this Agreement. Additionally, the Adjustment Form will contain the estimated dollar value of the Class Member Payment, as that term is defined in Paragraph 50 of this Agreement, assuming that Class Counsel's requests under Paragraphs 37 and 38 of this Agreement are granted in their entirety and that all information contained in the spreadsheet discussed in Paragraph 18 is correct. The Class Notice and Adjustment Form

- 15 -

shall inform each Settling Class Member that they may submit a corrected Adjustment Form, along with supporting documentation, to the Claims Administrator to the extent a Settling Class Member believes that any of the information pertaining to that individual on the Adjustment Form is incorrect.  Settling Class Members will be instructed that they may return the completed Adjustment Form with a postmark reflecting a date within sixty (60) calendar days from the date of first mailing of the Settlement Class Notice (the "Notice Period Deadline") to challenge the accuracy of the data set forth.  Settling Class Members bear the responsibility of insuring that information of the Adjustment Form is correct and that any Adjustment Forms submitted to the Claims Administrator are actually received by the Claims Administrator in compliance with this Agreement.

46.    The Settlement Class Notice shall contain the release and waiver of claims against BofA contained in Paragraphs 53, 55, and 56 of this Agreement, and an easily understood statement alerting Settling Class Members that by failing to submit a Request for Exclusion the individual is executing a release and waiver of all such claims the employee may have against BofA, whether or not they receive a payment.

47.    As provided in Paragraph 18, BofA will provide the Claims Administrator with the information required to individualize the Adjustment Forms discussed in Paragraph 45 of this Agreement.  The Claims Administrator will be solely responsible for resolving any discrepancies between BofA's documentation and conflicting information provided by the Settling Class member in an Adjustment Form, and said resolution by the Claims Administrator shall be final and binding on all parties.  Once the Claims Administrator resolves a given discrepancy, it will notify the Settling Class Member of its decision in writing and within fifteen (15) calendar days.  BofA agrees to provide additional available information which is reasonable and necessary for the Claims Administrator to resolve any such discrepancies.

- 16 -

48.    All putative Settling Class Members who have not returned a completed and timely Request for Exclusion shall be bound by the dismissal with prejudice of the Lawsuit and the release of claims set forth in Paragraphs 53, 55, and 56 of this Agreement.

49.    As soon as practicable after the Notice Period Deadline, the Claims Administrator shall calculate the "Per Week Payment" for use in the allocation and distribution of the Net Settlement Value to the Settling Class.  The Per Week Payment shall be determined as follows:

 (a)    The Claims Administrator will determine, from either the spreadsheet referenced in Paragraph 18 or the resolution of a dispute pursuant to Paragraph 47, the number of weeks that a Settling Class member was actively employed during the Settling Class Period (the "Compensable Weeks").  Any week that overlaps with the settlement in *Flanagan, et al. v. Bank of America*, Case No. 613647/2018 (Supreme Court of New York, County of Suffolk), will be treated as one-twentieth (1/20th) of a Compensable Week for purposes of this allocation;

 (b)    The total number of Compensable Weeks attributable to all Settling Class members will then be divided into the NSV, with the number of Compensable Weeks as the denominator and the NSV as the numerator, with the resulting number determined to two (2) decimal places.

 (c)    The product of this calculation will be the Per Week Payment.

50.    The disbursement to each Settling Class Member shall be the number which results from multiplying the Per Hours Payment times the number of Compensable Weeks worked by a given Settling Class Member (the "Class Member Payment").

51.    The Claims Administrator shall provide counsel for the Settling Parties with a Final Accounting and Report not later than five (5) court days after the Effective Date.  This Final Accounting and Report will include the calculations discussed in this Section XI.

AMENDED JOINT STIP. OF CLASS ACTION SETTLEMENT AND RELEASE | CASE NO. 2:18-CV-01207-TSZ

1
2

## XII.
## RELEASES

3       53.      **Release by Settling Class.**  As of the Effective Date and in exchange for the

consideration, undertakings, and covenants undertaken by BofA in this Agreement,

including but not limited to the provisions of Paragraph 8, and to the extent permitted by

applicable law, the Settling Class hereby releases, discharges, and covenants not to sue

Bank of America, N.A. and Bank of America Corporation, including its and their

predecessors, successors, affiliates, parents, subsidiaries, related companies, property

owners, employees, agents, shareholders, officers, directors, attorneys, insurers, and any

entity which could be jointly liable with Bank of America, N.A. and/or Bank of America

Corporation or any of them (individually and collectively "the BofA Releasees,") from and

with respect to any and all actions, causes of action, suits, liabilities, claims, and demands

whatsoever, whether known or unknown, during the Settling Class Period, which the

Settling Class, or individual members thereof, has, had, or hereafter may claim to have,

against the BofA Releasees, or any of them, which are based on, or in any way related to

any claims that were alleged in the Lawsuit or could have been alleged in the Lawsuit based

on the current or prior pleadings therein, including without limitation claims for violation

of: Revised Code of Washington §§ 49.52.050, .070, and .080; and any other Washington

state or local law, ordinance, and/or administrative regulation relating to the payment of

wages, and any additional claims for penalties, wages, interest or other monies predicated

on same (the "Released Claims").

(a)      The parties intend the Settling Class' release to be general and

comprehensive in nature and to release all claims and potential claims against the

BofA Releasees to the extent such claims relate to the Released Claims which were

or could have been brought by the Lawsuit to the maximum extent permitted at law.

(b)      The Released Claims include specifically, by way of further

description, but not by way of limitation, any and all claims arising out of or in any

- 18 -

way related to any and all attorneys' fees, attorneys' costs/expenses, fines, penalties, wages, interest, restitution, liquidated damages, punitive damages, declaratory relief, and/or injunctive relief allegedly due and owing by virtue of the allegations set out in the Lawsuit and/or the claims referenced in this Paragraph 53, whether based on statutory, regulatory, or common law (including but not limited to any such claims based on the Washington Revised Code).

(c)     The Settling Class Members acknowledge and/or are deemed to acknowledge that they may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the subject matter of this Agreement and/or this release, and which, if known or suspected at the time of executing this Agreement, may have materially affected this release.  Nevertheless, the Settling Class Members hereby waive any right, claim, or cause of action that might arise as a result of such different or additional claims or facts.

54.     **Additional Release by Named Plaintiff.**  In exchange for the consideration, undertakings, and covenants undertaken by BofA in this Agreement, including but not limited to the provisions of Paragraph 8 and 38, and to the extent permitted by applicable law, the Named Plaintiff – in addition to the release set out in Paragraph 53 of this Agreement – further hereby release, discharge, and covenant not to sue the BofA Releasees with respect to and from any and all claims, charges of discrimination, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, disputed wages, obligations, debts, expenses, attorneys' fees, damages, penalties, interest, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which they now own or hold or they have at any time heretofore owned or held, arising out of or in any way connected with her employment, separation of employment, or any other relationship with, the BofA Releasees, or any other transactions, occurrences, acts or omissions or any

loss, damage or injury whatever, known or unknown, suspected or unsuspected, resulting

from any act or omission by or on the part of said BofA Releasees, or any of them,

committed or omitted prior to the date of the Court's order granting final approval; provided,

however, that claims for retaliation for filing the Lawsuit, for additional short term

disability benefits, and under the Age Discrimination in Employment Act, as modified by

the Older Workers Benefits Protection Act, are excluded (collectively, "Named Plaintiff'

Claims").  The parties intend the Named Plaintiff' release to be general and comprehensive

in nature and to release all Named Plaintiff's Claims and potential Named Plaintiff's Claims

against the BofA Releasees to the maximum extent permitted at law.  Named Plaintiff's

Claims being released include specifically, by way of description, but not by way of

limitation, any and all claims arising out of or in any way related to:  (i) any interactions

between Named Plaintiff and the BofA Releasees;  (ii) Named Plaintiff' employment,

separation of employment, contractual, and/or quasi-contractual relationship with the BofA

Releasees; (iii) any allegations as to disputed wages, remuneration, and/or other

compensation, due by operation of statute, ordinance, contract, or quasi-contract; (iv) any

federal, state, or local law prohibiting discrimination or retaliation on the basis of age, race,

color, ancestry, religion, disability, sex, national origin, or citizenship, including, without

limitation, claims under Title VII, the Washington Revised Code, the Employee Retirement

Income Security Act, and the Americans With Disabilities Act or any other similar statutes

whatever the city, county, state, or country of enactment; (v) any claims under the Family

and Medical Leave Act of 1993; and (vi) any transactions, occurrences, acts, statements,

disclosures, or omissions occurring prior to the date of the Court's order granting final

approval.

     55.    **Waiver of Unknown Claims**.  All Settling Class Members (including,

without limitation, the Named Plaintiff) intend and/or are deemed to intend that this

Agreement should be effective as a bar to any and all of the claims released by Paragraphs

53 and 54.  In furtherance of this intention, all Settling Class Members expressly, and with

this understanding, assume all risks for claims released hereunder that have already arisen or may in the future arise, whether known or unknown, suspected or unsuspected, and specifically waive all rights they may have with regard to such claims.  The Settling Class Members understand that, if any of the facts relating in any manner to the Lawsuit, or to the release and dismissal of claims as provided in this Agreement, are hereafter found to be other than or different from the facts now believed to be true, they have expressly accepted and assumed that risk and agree that this Agreement and the release of claims contained herein shall nevertheless remain effective.  The Settling Class desires and intends, or is are deemed to desire and intend, that this Agreement shall be given full force and effect according to each and all of its express terms and provisions, including those relating to unknown and unsuspected claims, if any, as well as those relating to the claims referred to above.

56.    The waiver contained in Paragraph 55, above, is not intended to expand the nature of the claims released by the Settling Class beyond the Released Claims set out in Paragraph 53, but rather is intended to ensure that the release set out in Paragraph 53 is fully enforceable.

## XIV.
## ADDITIONAL TERMS AND CONDITIONS

57.    <u>Settlement Fair and Reasonable</u>

Class Counsel has considerable experience in litigating and settling wage-and-hour class actions of this type, and is sufficiently familiar with the facts of this case and the applicable laws and regulations to make an informed judgment as to the fairness of this Settlement. In light of this experience, and for reasons that will be more fully explained in Class Counsel's motion for preliminary approval, Class Counsel and the Named Plaintiff believe that the settlement terms herein are fair and reasonable with regard to the interests of the Settling Class.

58. <u>Settlement the Result of Arm's-Length Bargaining</u>.

The terms of the settlement of this Suit resulted from approximately a year and a half of litigation generally, including a period of approximately four months of arm's-length negotiations regarding settlement generally and this Agreement in particular.

59. <u>Notices</u>.

Except for Settling Class member notices which are required herein to be made to or by the Claims Administrator, all notices, requests, demands, and other communications related to or in connection with this Agreement shall be in writing, and shall be provided by appropriate method depending on the urgency (<u>e.g.</u>, personal delivery, facsimile, overnight delivery, or first-class U.S. mail) to:

**TO THE SETTLING CLASS:**          **TO BofA:**

Joshua H. Haffner                  Adam P. KohSweeney
Graham G. Lambert                  Susannah K. Howard
Haffner Law PC                     O'Melveny & Myers LLP
445 South Figueroa St., Suite 2325 Two Embarcadero Center
Los Angeles, California 90071      San Francisco, CA 94111-3823
Telephone:  213-514-5681           Telephone:   415-984-8912
Facsimile:  213-514-5682           Facsimile:   415-984-8701

60. <u>No Admission of Liability</u>.

Nothing herein shall constitute any admission by BofA of wrongdoing or liability or of the truth of any factual allegations in the Lawsuit.  Nothing herein shall constitute an admission by BofA that the Lawsuit was properly brought as a class or representative action other than for settlement purposes.  To the contrary, BofA has denied and continues to deny each and every material factual, procedural, and/or legal allegation and alleged claim asserted in the Lawsuit, and has contended throughout that it has robust reimbursement policies in place that meet or exceed the requirements of applicable law.  To this end, the settlement of the Lawsuit, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement:  are not, shall not be deemed to be, and may not be used as, an admission or

- 22 -

evidence of any wrongdoing or liability on the part of BofA or of the truth of any of the factual allegations in the Complaint in the Suit; and are not, shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of BofA in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

61. <u>Modification by Writing Only</u>.

This Agreement, and its terms and Exhibits, may be modified only in a writing signed by all counsel of record for the parties, and will not become effective unless and until approved by the Court or otherwise as ordered by the Court.

62. <u>Representations</u>.

The Named Plaintiff and Class Counsel represent that they are presently unaware of any other lawsuit or administrative proceeding which alleges any of the claims asserted by the Lawsuit.

The Named Plaintiff, on behalf of himself and the Settling Class, has expressly authorized Class Counsel to take all appropriate action required or permitted to be taken pursuant to this Agreement to effectuate its terms.

Each attorney executing this Agreement or any of its Exhibits on behalf of any party hereto hereby warrants that full authority to do so has been given by his/her client(s).

BofA, Class Counsel, and Named Plaintiff waive their right to file an appeal, writ, or any challenge whatsoever to the terms of this Agreement; <u>provided</u>, <u>however</u>, that Class Counsel and the Named Plaintiff may appeal the Court's determinations with regard to the requests set out in Paragraphs 37 and 38. Consistent with Paragraph 41, however, any such appeal will have no effect whatsoever on the other terms and provisions of this Agreement, including, by way of example but not of limitation, the releases set out in Paragraphs 53, 54, and 55.

The Settling Parties represent and agree that neither have received and/or relied upon any advice and/or representations from the other party and/or its attorneys as to

the necessity for withholding or the taxability of the consideration paid pursuant to this Agreement, whether pursuant to federal, state or local income tax statutes or otherwise.

63. <u>Further Cooperation</u>.

The Settling Parties and their respective counsel of record shall proceed diligently to prepare and execute all documents, to seek the necessary Court approvals, and to do all other things reasonably necessary to conclude this Settlement.

64. <u>Construction and Integration</u>.

This Agreement, including its exhibits, constitutes the entire agreement and understanding between the parties, and supersedes any previous agreements or understandings between the Settling Parties. No representations, warranties or inducements have been made to any party concerning the subject matter of this Agreement and/or exhibits other than the representations, warranties and covenants contained in such documents. This Agreement and related exhibits shall be construed each as a whole, and with reference to one another, according to their fair meaning and intent. Each of the Settling Parties represent that its/his counsel has participated and cooperated in the drafting and preparation of this Agreement and related exhibits; hence, in any construction to be made of this Agreement and/or exhibits, the same shall not be construed against any party on the basis that said party was the drafter.

65. <u>Governing Law</u>.

This Agreement and the Exhibits hereto shall be deemed to have been negotiated, executed and delivered, and to be wholly performed, in the State of Washington. The rights and obligations of the parties under the Agreement shall be construed and enforced in accordance with, and be governed by, the substantive and procedural laws of the State of Washington without regard to Washington's choice of law principles.

66. <u>Counterparts</u>.

This Agreement may be executed in one or more faxed counterparts, which may be filed with the Court. All executed counterparts, and each of them, shall be deemed

- 24 -

to be one and the same instrument.  Once available, a complete set of executed counterparts shall be filed with the Court.  Copies of the complete set of executed counterparts may be used for all purposes in lieu of the originals, and shall have the same force and effect as the originals.

67.    Attorneys' Fees, Costs and Expenses.

Except as otherwise specifically provided for herein, each party shall bear its/her own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them in or arising out of the Lawsuit, and shall not seek reimbursement thereof from any other party to this Agreement..

68.    Publicity.

The Named Plaintiff and Class Counsel agree that they will not publicize or announce this Settlement in press releases, marketing materials, or on the internet.  This provision shall not bar:  (i) the Named Plaintiff nor Class Counsel from responding to affirmative inquiries by Settling Class Members; (ii) Class Counsel from placing on their website webpages and links intended to inform Settling Class Members about the settlement, its terms, and the Court's orders in the case, and to maximize participation in the Settlement; or (iii) the Parties or their counsel from informing Class members about the Settlement and insuring that all Class members have notice of the Settlement.  If either Settling Party or their counsel receives an inquiry about the settlement from the media, counsel will either not respond or otherwise state "no comment."

69.    Continuing Jurisdiction.

Except as otherwise specifically provided for herein, the United States District Court for the Western District of Washington, at Seattle, shall retain jurisdiction to construe, interpret and enforce this Agreement and the settlement, to supervise all notices, the administration of the settlement and this Agreement and distribution of the GSV, and to hear and adjudicate any dispute arising from or related to the settlement and/or this Agreement.

- 25 -

70.    Class Action Fairness Act.

Within fifteen (15) calendar days of the date this Agreement is filed with the Court, BofA will file and serve a notice indicating compliance with 28 U.S.C. § 1715(b). The Settling Parties agree that the final approval hearing will not be held prior to the ninetieth (90th) calendar day after this notice is filed.

71.    Calculation of Time

To the extent that any timeframe set out in this Agreement is ambiguous, said ambiguity shall be resolved by applying the conventions contained in Rule 6 of the Federal Rules of Civil Procedure.

**IN WITNESS WHEREOF**, the undersigned Settling Parties and their duly-authorized representatives of accept and agree to the terms of this Agreement and hereby execute it voluntarily and with a full understanding of its consequences.

_____        _____
Kevin G. Boyd                                   Date
Named Plaintiff and class and
representative

_____        8-20-2020
Aaron J. Longo                                   Date
SVP & Assistant General Counsel,
for and on behalf of Bank of
America, N.A.

**APPROVED AS TO CONTENT AND FORM:**

**HAFFNER LAW PC**
Joshua H. Haffner
Graham G. Lambert

_____        _____
By: Joshua H. Haffner                       Date
Class Counsel and
Attorneys for Named Plaintiff

- 26 -

1      Kevin G. Boyd and the settling class

2

3      **O'MELVENY & MYERS LLP**
       Adam P. KohSweeney

4      Susannah K. Howard

5      **WINTERBAUER & DIAMOND**

6      **PLLC**
       Steven H. Winterbauer

7

8      _____     08/20/2020

9      By: Adam P. KohSweeney        Date
       Attorneys for Defendant Bank of

10     America, N.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28