UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN G. BOYD, individually and on behalf of others similarly situated

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

C18-1207 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)   The deferred portion of plaintiff's motion for preliminary approval of class action settlement, docket no. 25, is GRANTED as follows:

(a)   Notice to Attorneys General:  Having reviewed the Declaration of Adam P. KohSweeney, docket no. 32, indicating that, pursuant to 28 U.S.C. § 1715, notices were mailed on September 4, 2020, to the Attorneys General of the States of Arizona, California, Georgia, Idaho, Iowa, Massachusetts, Missouri, Oregon, Pennsylvania, Texas, Virginia, and Washington, and to the Attorney General of the United States, the Court concludes that it may set a hearing concerning final approval of the proposed class action settlement.

(b)   Cy Pres Beneficiary:  Having reviewed the Declaration of Caitlin Davis, docket no. 28-1, and in light of the class definition, which requires class members to have worked in Washington for Bank of America, N.A. and/or Bank of America Corporation, *see* Order at 5, ¶ 2 (docket no. 27), the Court concludes plaintiff has made a prima facie showing that the Legal Foundation of Washington is a suitable *cy pres* beneficiary.  Until, however, class members have received notice of the settlement and have had an opportunity to object, the Court makes no ruling concerning the designation of a *cy pres* recipient.

MINUTE ORDER - 1

     (c)    <u>Adjustment Form</u>:  Having reviewed the Amended Joint Stipulation of Class Action Settlement and Release, docket no. 29, a redlined version of which is attached to the Declaration of Graham G. Lambert, docket no. 31, the Court is satisfied that class members are not required to return a completed Adjustment Form or "opt in" to receive a share of the settlement proceeds.  <u>See</u> Order at 6-7 (docket no. 27); <u>see also</u> Am. Jt. Stip. at ¶ 45 (docket no. 31-1).  The proposed Adjustment Form, Ex. 3 to Lambert Decl. (docket no. 28 at 41-42), is acceptable, with the following changes:  (i) the instructions should permit class members to return the form via facsimile or email, as well as by U.S. mail; (ii) the Settlement Administrator's email address should also be included on the form; and (iii) in roughly seven places on the form, the term "Claims Administrator" should be replaced with "Settlement Administrator" for the sake of consistency with the Court's Order entered July 8, 2020, docket no. 27, and the proposed notice to class members.

     (d)    <u>Opt-Out Form</u>:  The proposed Request for Exclusion form, Ex. 4 to Lambert Decl. (docket no. 28), is acceptable, with the following amendments: (i) the instructions should permit class members to return the form via facsimile or email, as well as by U.S. mail; (ii) the Settlement Administrator's facsimile and phone numbers, as well as its email address, should be included on the form; and (iii) the word "cases" in the last sentence of the form should be changed to "case."

     (e)    <u>Notice to Class Members</u>:  The proposed notice to class members requires the revisions that are indicated in the redlined version attached to this Minute Order as Appendix A.  Notices to class members shall be sent via first-class U.S. mail on or before **January 15, 2021**.  The deadline for opting out of the Class (requesting exclusion from the settlement), objecting to the proposed settlement, and/or returning a completed Adjustment Form is **March 19, 2021**.

     (f)    <u>Fairness Hearing</u>:  The Amended Joint Stipulation of Class Action Settlement and Release, docket no. 29, is PRELIMINARILY APPROVED.  A hearing concerning final approval of the proposed settlement is SCHEDULED for **April 2, 2021**, at **10:00 a.m.**, in Courtroom 15206 on the 15th Floor of the United States Courthouse, located at 700 Stewart Street in Seattle, Washington.  If the hearing needs to be rescheduled or if it must be conducted remotely via telephone or videoconference, counsel will be advised and notice will be posted in advance at www.wawd.uscourts.gov/BankOfAmerica.

     (g)    <u>Motion Deadlines</u>:  Any motion for Class Counsel's attorneys' fees and costs shall be filed by **January 14, 2021**, and noted for April 2, 2021.  Any motion for final approval of the proposed class action settlement shall be filed by **March 25, 2021**, and noted for April 2, 2021.  Any response to either of these motions by a class member who is represented by separate counsel shall be filed with the Court by **March 31, 2021**.  No reply shall be filed unless requested by the

MINUTE ORDER - 2

Court. Pro se class members may not file materials directly with the Court; any objections by pro se class members to Class Counsel's attorneys' fees and costs or to final approval of the proposed class action settlement shall be either sent to the Settlement Administrator or presented orally to the Court at the Fairness Hearing.

  (h) <u>Declaration of Settlement Administrator</u>:  Any motion for final approval of the proposed settlement shall be accompanied by an appropriate declaration of the Settlement Administrator, summarizing its notice efforts, the rates and natures of class members' responses, and the range of and average amounts that participating class members are anticipated to receive from the settlement. Copies of all exclusion forms and written objections shall be appended to the Settlement Administrator's declaration, but filed under seal. Such materials shall not be filed in piecemeal fashion or in advance of any motion for final approval of the proposed settlement. Individual class members' names and other personal information shall be redacted from any documents filed in the publicly viewable record.

  (2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

  Dated this 16th day of December, 2020.

            William M. McCool
            Clerk

            s/Gail Glass
            Deputy Clerk

MINUTE ORDER - 3

<div style="border:1px solid red; color:red; text-align:center;">Appendix A to Minute Order</div>

### NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT

[NAME]
[ADDRESS]
[CITY, STATE ZIP]

---

**UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON**

# If you worked for Bank of America as a Mortgage Loan Officer, Senior Wealth Management Lending Officer, Senior Financial Center Lending Officer, Senior Lending Officer, Wealth Management Lending Officer, Financial Center Lending Officer, Financial Center Lending Consultant, or Lending Associate (collectively "MLO"), you may be entitled to a payment from the settlement of a class action lawsuit.

*This is a class action lawsuit notice. This is not a solicitation from a lawyer.*

- This notice pertains to any Bank of America, N.A. ("Bank of America") employee who worked as an MLO anywhere in Washington State between August 12, 2012, and ~~[the date of preliminary approval]~~ July 8, 2020 (the "Covered Period").

- Former MLO Kevin G. Boyd ("Plaintiff") sued Bank of America in the United States District Court, Western District of Washington under several Washington state laws alleging that Bank of America, N.A. ("Defendant" or "Bank of America") failed to pay Plaintiff and other MLOs properly for all hours they worked and failed to provide paid rest breaks.

- Bank of America denies the allegations in the Litigation, and maintains that it at all times properly compensated its MLOs. The parties have entered into this settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. The Court has not made any ruling on the merits of the Plaintiffs' claims, and no party has prevailed in this action.

- Under the allocation formula created by the settlement, you are estimated to receive approximately $\_\_\_\_\_, subject to deductions for applicable taxes. This amount is based on the number of weeks you worked for Bank of America as an MLO during the time period covered by this settlement, according to Bank of America's records, and may be subject to some adjustment depending on, among other things, the Court's rulings at the Fairness Hearing discussed below.

**Your legal rights may be affected, and you have a choice to make now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **DO NOTHING** | Remain part of the case and receive approximately the payment amount identified above, subject to applicable taxes and withholdings. |
| **EXCLUDE YOURSELF** | Get no payment. If you worked as an MLO in Washington during the Covered Period, excluding yourself is the only option that allows you to bring your own lawsuit or to be part of any other lawsuit against Bank of America for unpaid wages during the Covered Period. *If you exclude yourself from the settlement, you will not be entitled to receive any payment from the settlement fund. For additional information regarding excluding yourself, see Paragraphs ~~8-10~~9-11 below.* |
| **OBJECT** | You may state objections to the proposed settlement by sending a letter to the Settlement Administrator about why you object to the settlement. If you exclude yourself from the settlement, you may not object. ~~If you object in writing, y~~You may also make objections orally by ~~ask to~~ speaking ~~in~~ to the Court ~~about the fairness of the settlement~~ at the Fairness Hearing. ~~You may only appear in Court to speak about the fairness of the settlement if you file a timely written objection to the settlement and if you do not exclude yourself from the settlement.~~ For additional information regarding objecting to the settlement, see Paragraphs 14-15 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

## BASIC INFORMATION

**1. Why did I get this notice?**

Bank of America's records state that you worked as an MLO, as defined above, in Washington state during the Covered Period. ~~The Court ordered that y~~You have be~~en~~ sent this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and after any ~~objections and~~ appeals are ~~heard~~ resolved, payments will be mailed to class members who do not exclude themselves.

This notice explains the Litigation, the settlement, your legal rights, and what benefits are available.

2

| 2. What is a class action? |
|---|

In a class action, the named plaintiff, Kevin G. Boyd, is called "Plaintiff," and he sued on behalf of people who have similar claims. The Plaintiff and the other people on whose behalf he is suing are called a "Class" or "Class Members." One court resolves the issues for everyone in the Class—except for those who choose to exclude themselves from the Class.

## BENEFITS – WHAT YOU GET

| 3. What does the settlement provide? |
|---|

Bank of America has agreed to pay up to $225,000.00 into a fund to be divided among current and former employees who are covered by the settlement. The fund also covers anticipated attorneys' fees and costs of $75,500.00 ~~_____~~, anticipated Service Payments totaling $5,000.00 ~~_____~~ to the Plaintiff in recognition of his service to the Class, payroll and other applicable taxes (except for the employer's share of payroll taxes), and the Settlement Claims Administrator's fees and costs (estimated to be $13,500.00).

After deducting the ~~Court-approved~~ amounts of attorneys' fees and costs, Service Payments, payroll and other applicable taxes (except for the employer's share of payroll taxes), and Settlement Claims Administrator's fees and costs, the remaining amount ~~has been~~ will be divided among current and former MLOs who are covered by the settlement, based on the number of weeks they worked ~~and the states in which they worked~~ in a covered position during the Covered Period. **Settlement checks ~~which~~ that are not cashed within 120 days of issuance will be null and void.**

| 4. How was my payment calculated? |
|---|

Based on the proposed formula for apportioning the settlement funds, you are eligible to receive $_____, half of which is subject to deductions for applicable taxes and withholdings like any other paycheck, and for which you will receive a W-2~~;~~, and half of which will be reported on an IRS Form 1099.

The settlement allocation formula takes into account the number of weeks you worked as an MLO during the period covered by the settlement.~~-~~  You will receive an allocation that is proportional to the number of Compensable Weeks you worked during the Covered Period out of the total number of Compensable Weeks attributable to all Class Members.  The allocation to an MLO will be calculated by first dividing the Net Settlement Value ("NSV") by the total number of Compensable Weeks worked by all MLOs during the period covered by the settlement.  This will yield the Per Week Payment.  The NSV is the Gross Settlement Value of $225,000.00 less any and all reasonable attorneys' fees, necessary litigation costs, settlement administration costs, and ~~the Enhancement~~ Service Payments~~Award~~ to the named Plaintiff.

The Per Week Payment will~~is~~ then be multiplied by the total number of Compensable Weeks worked by an MLO to calculate the total payment to that particular MLO.  Compensable Weeks are calculated as each week worked by an MLO during the covered period unless that week overlaps with the time period covered by the settlement in *Flanagan, et al. v. Bank of America*, Case No. 613647/2018 (Supreme Court of New York, County of Suffolk).  Any week that overlaps with

the settlement in *Flanagan,* will be treated as one-twentieth (1/20th) of a Compensable Week for purposes of this allocation.

Based on the anticipated NSV, the Per Week Payment would be $4.02 per week, and the range of recoveries would be from $4.02 for a class member who worked only one week during the class period to $1,672.32 for an individual who worked the entire approximately eight (8) year class period and did not have any ~~time~~ work~~ed~~ weeks overlapping with the *Flannagan* settlement.

If you disagree with the computation of the total number of Compensable Weeks that you worked, you may, ~~within 60 days~~on or before March 19, 2021, submit via mail, facsimile, or email the Adjustment Form included with this notice to the ~~s~~Settlement ~~a~~Administrator at:

> Rust Consulting
> Bank of America Washington MLO Settlement
> [ADDRESS LINE ONE]
> [ADDRESS LINE TWO]
> Facsimile: (XXX) XXX-XXXX
> Email: XXX@XXXX.com

The Settlement Agreement also contains the allocation formula. You may obtain a copy of the Settlement Agreement by following the instructions in Paragraph 19, below.

## HOW YOU GET A PAYMENT

### 5. How can I get my payment?

You do not need to do anything to receive the payment identified in Paragraph 4. You will be sent a settlement check if and when the Court approves the settlement and after all appeals have been exhausted. If you exclude yourself from the settlement, then you will not receive a payment. **You must cash your settlement check within 120 days of receiving it. If you do not cash your settlement check (and also do not exclude yourself from the settlement), you will still be bound by the release of claims discussed in ~~Section~~ Paragraph 7 (below). Uncashed settlement checks shall be allocated to the *Cy Pres* beneficiary, which is anticipated to be the Legal Foundation of Washington.**

Please update the Settlement ~~a~~Administrator (whose contact information is listed in Paragraph ~~8~~4) if you have any change of address, ~~in order~~ to ~~make~~ ensure your payment is sent to the correct address.

### 6. When will I get my payment?

The Court will hold a ~~f~~Fairness ~~h~~Hearing to determine whether to approve the settlement, as described in more detail in Paragraphs ~~15-17~~16-18. If the Court approves the settlement, ~~there may be~~ appeals ~~after that~~might be filed. Resolving appeals can take time, perhaps more than a year. Please be patient.

### 7. What am I giving up to get a payment and join the Class?

Unless you exclude yourself (as explained in Paragraphs 8-109-11 below), you will remain in the Class. This means that you cannot sue, continue to sue, or be part of any other lawsuit against Bank of America about the legal issues in this case. Specifically, if you do not exclude yourself, you release Bank of America from any and all wage and hour actions, causes of action, suits, liabilities, claims, and demands whatsoever, whether known or unknown, that accrued during the Covered Period while employed by Bank of America in a covered job code, which were alleged in the Litigation or could have been alleged in the Litigation based on the current or prior pleadings therein, including without limitation claims under Revised Code of Washington §§ 49.52.050, .070, and .080;, and any other Washington state or local law, ordinance, and/or administrative regulation relating to the payment of wages, and any additional claims for penalties, wages, interest or other monies predicated on same (the "Released Claims").

### 8. What is this Lawsuit about?

The lawsuit is about whether Bank of America failed to pay Plaintiff and other MLOs properly for rest breaks. The Plaintiff alleges that MLOs were subject to rest break deductions which resulted in MLOs not being compensated for their rest breaks, as required by law.

Bank of America denies that it did anything wrong. However, to avoid the burden, expense, and uncertainty of continuing litigation, the parties have agreed to this settlement. The Court has not made any ruling on the merits of the Plaintiffs's claims, and no party has prevailed in this action.

This case is filed in the United States District Court, Western District of Washington and is called *Boyd v. Bank of America, N.A.*, Case No. 2:18-cv-01207-TSZ. By not opting out of the Litigation and endorsing the settlement check, you are consenting to be subject to the jurisdiction of the United States District Court, Western District of Washington.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but and/or you want to keep the right to sue or continue to sue Bank of America, on your own, about the legal issues in this case, then you must take certain steps. This is called excluding yourself—or is sometimes referred to as "opting out" of the settlement Class.

### 9. How do I exclude myself from the settlement?

To exclude yourself from the settlement, you must send by first-class U.S. mail, facsimile, or email either a completed the attached Request for Exclusion Form, which is attached, or send a letter by mail that includes the words states, "I opt out of the Bank of America wage and hour settlement,." or words to that effect. You must include your name, address, telephone number, and signature. Your exclusion request must be mailed (and postmarked), faxed, or emailed no later than March 19, 2021, [insert 60 days from notice mailing] and must be mailed to:

<div style="text-align:center">

Rust Consulting
Bank of America Washington MLO Settlement
[ADDRESS LINE ONE]

</div>

5

[ADDRESS LINE TWO]
Facsimile: (XXX) XXX-XXXX
Email: XXX@XXXX.com

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this Litigation. You may also be able to sue (or continue to sue) Bank of America in the future about ~~some~~ any of the legal issues in this case. If you wish to exclude yourself in order to file an individual lawsuit against Bank of America, you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations, which means that they will expire on a certain date. ~~If you exclude yourself from the settlement, you may not object to it.~~

**10. If I don't exclude myself, can I sue Bank of America for the same thing later?**

No. Unless you exclude yourself, you give up any rights to sue Bank of America for the claims being resolved in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is March 19, 2021 ~~[insert 60 days from notice mailing]~~.

**11. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this Litigation or settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Bank of America regarding the claims in this Litigation.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in this case?**

~~The Court has decided that the lawyers at~~ Joshua H. Haffner and Graham C. Lambert of the law firm of Haffner Law PC have been appointed as Class Counsel. ~~are qualified to represent you and all Class Action Members. These lawyers are called "Plaintiffs' Counsel."~~ To date, ~~Plaintiffs'~~ Class Counsel ~~has~~ have not received any payment for their legal services or any reimbursement of the costs or out-of-pocket expenses they have incurred in this litigation. Therefore, ~~Plaintiffs'~~ Class Counsel plan~~s~~ to request attorneys' fees of up to $67,500.00 and costs of up to $8,000.00. You can find more information about ~~Plaintiffs'~~ Class Counsel, as well as a copy of the motion for attorneys' fees and costs, at: www.haffnerlawyers.com. In addition, you can view a copy of the motion for attorneys' fees and costs and a copy of the Settlement Agreement, along with other materials pertaining to this litigation, on the Settlement Administrator's website: _____.

Otherwise, if you have any questions, you may contact ~~Plaintiffs'~~ Class Counsel at:

Joshua H. Haffner, SBN 188652
Graham G. Lambert, SBN 303056
**Haffner Law PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682
www.HaffnerLawyers.com

6

You do not need to retain your own attorney in order to participate in the settlement. However, if you want to be represented by your own lawyer, you may hire one at your own expense.

| **13. How will the lawyers be paid?** |
|---|

~~Plaintiff's~~ Class Counsel will ask the Court to approve payment of up to 30% of the settlement fund for attorneys' fees. These fees would compensate ~~Plaintiff's~~ Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. ~~Plaintiff's~~ Class Counsel will also ask the Court to approve payment for their out-of-pocket costs, excluding the cost of the ~~s~~Settlement ~~a~~Administrator. The cost of the ~~s~~Settlement ~~a~~Administrator will also come from the settlement fund. The Court may award less than these amounts. Defendant's Counsel has agreed not to oppose these fees and costs. Class Counsel will also ask the Court to approve payment of $5,000.00 to the Named Plaintiff in recognition of the risks he took and his service to the Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| **14. How do I tell the Court that I don't like the settlement?** |
|---|

As a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. You may also object to the proposed *Cy Pres* beneficiary, Legal Foundation of Washington, even if you have no other objection to the settlement. The Court will consider your views.

To object, you may send a letter by U.S. mail, facsimile, or email to the ~~s~~Settlement ~~a~~Administrator (below) that includes (1) the case name and number of this case, *Boyd v. Bank of America*, Case No. 2:18-cv-01207-TSZ (United States District Court, Western District of Washington); (2) states the basis for your objections and whether you are represented by an attorney; and (3) includes your name, address, telephone number, and your signature. Mail, fax, or email the objection to:

<div style="text-align:center">

Rust Consulting
Bank of America Washington MLO Settlement
[ADDRESS LINE ONE]
[ADDRESS LINE TWO]
Facsimile: (XXX) XXX-XXXX
Email: XXX@XXXX.com

</div>

Your letter must be mailed (and postmarked), faxed, or emailed no later than March 19, 2021~~[insert 60 days from the class notice mailing]~~. In addition, if you have retained an attorney to represent you in connection with your objection, your attorney must file a notice of appearance with the Court and serve that notice on ~~Plaintiff's~~ Class Counsel and counsel for Bank of America. However, you do not have to mail anything in advance ~~an objection in order~~ to be able to object to the settlement at the Fairness Hearing, and you are free to object at the Fairness Hearing regardless of whether or not you ~~mail in an~~have sent a written objection to the Settlement Administrator.

| 15. What's the difference between objecting and excluding yourself? |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. If you exclude yourself from the settlement, you may not object. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a ~~f~~Fairness ~~h~~Hearing to decide whether to approve the settlement. You may attend the hearing and ~~ask to~~ speak at the hearing, but you don't have to. If you wish to bring anything to the Court's attention about the settlement, you ~~should~~ may also or instead provide it in writing to the ~~Claims~~ Settlement Administrator according to Paragraph ~~13~~ 14 above. The ~~Claims~~ Settlement Administrator will provide your letter to the Court before the ~~f~~Fairness ~~h~~Hearing.

| 16. When and where will the Court decide whether to approve the settlement? |

The Court will hold a Fairness Hearing on April 2, 2021, ~~_____~~ at 10:00 a.m.~~,~~. in Courtroom 15206 on the 15th Floor of ~~at~~ the United States Courthouse,~~District Court, Western District of Washington~~ located at 700 Stewart Street in Seattle, Washington ~~in Courtroom: Suite 15206~~.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court does not require you to indicate in advance whether you wish to be heard at the hearing concerning final approval of the proposed settlement. The Court ~~may~~ might also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

If the Fairness Hearing must be rescheduled or ~~be~~ conducted remotely, such as by telephone or videoconference, information about such ~~a~~ change will be posted in advance of the hearing date at www.wawd.uscourts.gov/BankOfAmerica~~_____~~. If you have questions about the status of the Fairness Hearing, you may ask Class Counsel (see Paragraph 12) or the Settlement Administrator (see Paragraph 19). Please do not contact the Court directly.

| 17. Do I have to come to the hearing? |

No. Class Counsel will answer questions the Court ~~may~~ might have. But you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it, but you may do so if you so choose. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 18. May I speak at the hearing? |

~~If you file a timely objection to the Settlement, y~~You may ~~ask the Court for permission to~~ speak at the Fairness Hearing if you have not opted out of the Class. You cannot speak at the hearing if you exclude yourself from the settlement.

8

## GETTING MORE INFORMATION

| **19. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. If there is any discrepancy between this notice and the Settlement Agreement, the terms of the Settlement Agreement will control. You can obtain a copy of the Settlement Agreement by sending a request to the Settlement ~~Claims~~ Administrator, at:

Rust Consulting
Bank of America Washington MLO Settlement
[ADDRESS LINE ONE]
[ADDRESS LINE TWO]
Facsimile: (XXX) XXX-XXXX
Email: XXX@XXXX.com
Website: [_____]
Phone: (xxx) xxx-xxxx

You can also obtain a copy of the Settlement Agreement and other materials related to this litigation, including copies of pleadings and court orders, at [insert website address].

Alternatively, you can contact Haffner Law PC at the contact information listed at Paragraph 12, above, for information concerning this litigation and settlement.

DATED _____

9