The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN G. BOYD, an individual, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA, N.A., and DOES 1 through 10, inclusive,<br><br>                    Defendant. | Case No. 2:18-cv-01207-TSZ<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**NOTE ON MOTION CALENDAR:**<br>April 2, 2021 |

i

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**TO THE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT**, on April 2, 2021, or as soon thereafter as counsel may be heard by the Honorable Thomas S. Zilly, of the United States District Court, Western District of Washington, located at 700 Stewart Street, Suite 15229, Seattle, WA 98101-9906, Plaintiff Kevin G. Boyd ("Plaintiff"), individually and on behalf of all others similarly situated, will, and hereby does, move the Court pursuant to Federal Rule of Civil Procedure 23 for an order:

1) Granting final approval of the Settlement Agreement between Plaintiff and Defendant Bank of America, N.A. ("Defendant"), on the grounds that its terms are sufficiently fair, reasonable, and adequate for notice to be issued to the Class;

2) Find that all of the elements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure are satisfied, and that this action is properly certified as a class action on behalf of the following persons (the "Class"): All persons who are or have been employed in job codes SM009, SM171, SM172, SM603, SM604, SM605, SM610, SM611, SM612, and/or SM614 by Bank of America, N.A, and/or Bank of America Corporation in the State of Washington at any time from 08/12/2012 to the date of Preliminary Approval of the Settlement (the "Covered Period");

3) Order that the representative plaintiff, Kevin G. Boyd, is certified as the sole representative of the Class and that Class Counsel are appointed as counsel to the Class;

4) Find that Class Counsel and the representative plaintiff have fairly and adequately represented the Class with respect to the litigation and the settlement;

5) Find that the class notice and settlement administration program established and implemented pursuant to the Settlement Agreement satisfy Rule 23(e) of the Federal Rules of Civil Procedure and the requirements of due process; and

6) Enter a final judgment and order dismissing this action and awarding attorneys' fees, costs, and incentive fee awards to Class Counsel and the Class

ii

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Representative, respectively, in accordance with the terms of the Settlement Agreement and Plaintiff's Motion for Attorneys' Fees and Costs.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities below; the declarations of Graham G. Lambert and Jennifer Mills filed concurrently herewith; all supporting exhibits filed concurrently herewith; all other pleadings and papers filed in this action; and any argument or evidence that may be presented at or prior to the hearing in this matter.

DATED: March 25, 2021                                          **HAFFNER LAW PC**

By: */s/Graham G. Lambert*
    Joshua H. Haffner
    Graham G. Lambert
    Attorneys for Plaintiff and all others
    similarly situated

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**TABLE OF CONTENTS**

I.     INTRODUCTION ...........................................................................................................1

II.    OVERVIEW OF ACTION ............................................................................................1

III.   THE SETTLEMENT AND NOTICE ............................................................................2

       A.   The Terms Of The Settlement ............................................................................2

       B.   Preliminary Approval And Notice. .....................................................................2

       C.   Objections To And Requests For Exclusion From The Settlement
            Agreement. ..........................................................................................................3

IV.    LEGAL STANDARD ....................................................................................................4

       A.   This Case Is Appropriate For Class Action Treatment. .....................................4

       B.   Final Approval Is Appropriate Because The Proposed Settlement Is "Fair
            Adequate, And Reasonable." ..............................................................................4

            1.   The Settlement Is The Result Of Arm's Length Negotiations ...................6

            2.   The Settlement Provides The Class With Real Relief. .............................6

       C.   Continued Litigation Posed Substantial Risk In Establishing
            Liability And Damages. ......................................................................................7

       D.   Class Counsel Performed Sufficient Research And Analysis
            To Adequately Assess The Settlement And Was Able To
            Identify The Strengths And Weaknesses Of The Case. .....................................8

       E.   The Recommendations Of Experienced Class Counsel Heavily
            Favor Approval Of The Settlement. ....................................................................9

       F.   The Reaction Of The Class Supports Approval Of The Settlement. .................9

V.     CONCLUSION .............................................................................................................10

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF AUTHORITIES

**Cases**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ................................................................4

*Boyd v. Bechtel Corporation*, 485 F.Supp. 610 (N.D. Cal. 1979) ....................................................9

*Certification from United States Dist. Court for W. Dist. of Washington in Sampson v. Knight Transp., Inc.*, 193 Wn.2d 878, 893 (2019) ....................................................7

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ................................................5, 6

*Detroit v. Grinnell Corp.*, 495 F.2d 448 (2nd Cir. 1974) ................................................................6

*Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15 (N.D. Cal. 1980) ............................................5, 9

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ..........................................................4, 9

*In re Holocaust Victim Assets Litigation*, 105 F.Supp.2d 139 (E.D.N.Y. 2000) ............................6

*In re Lorazepam*, 205 F.R.D. 369 (D.D.C. 2002) .......................................................................6, 8

*In re Pacific Enter. Sec. Litig.*, 47 F.3d 373 (9th Cir. 1995) ............................................................5

*In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104 (S.D.N.Y.) ......................................9

*In re Prudential Ins. Co. Sales Practices Litig.*, 148 F.3d 283 (3d Cir. 1988) ...............................7

*In re Warner Communications Sec. Litig.*, 618 F.Supp. 735 (S.D.N.Y. 1985) ..............................8

*Joel A. v. Giuliani*, 218 F.3d 132 (2d Cir. 2000) ............................................................................4

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234 (9th Cir. 1998) .........................................5

*Luevano v. Campbell*, 93 F.R.D. 68 (D.D.C. 1981)........................................................................8

*M. Berenson Co. v. Faneuil Hall Marketplace*, 671 F.Supp. 819 (D. Mass. 1987) .................................................................................................9

*Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173 (9th Cir. 1977) ............................................7, 10

*MWS Wire Indus., Inc. v. California Fine Wire Co.*, 797 F.2d 799 (9th Cir. 1986) ...................................................................................................4

*Newman v. Stein*, 464 F.2d 689 (2d Cir. 1972)...............................................................................6

*Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615 (9th Cir. 1982) ....................................................................4, 5, 6

*Sala v. National R.R. Passenger Corp.*, 721 F.Supp. 80 (E.D. Pa. 1989) ......................................9

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993).....................................................5

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976) ......................................................4

v

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

*Williams v. First Nat'l Bank*, 216 U.S. 582 (1910)..................................................................4

**Rules**

Fed. R. Civ. P. 23(a) ...................................................................................................................4

Fed. R. Civ. P. 23(b) ...................................................................................................................4

Fed. R. Civ. P. 23(e) ................................................................................................................4, 5

**Secondary Sources**

5 William B. Rubenstein, Newberg on Class Actions § 13.50 (5th ed.) ........................................6

vi

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

By this motion, Plaintiff Kevin G. Boyd ("Plaintiff") seeks final approval of the settlement of the instant class action for violations of Washington wage and hour laws on behalf of mortgage loan officer employees of Defendant Bank of America, N.A. ("Defendant").

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiff respectfully submits this memorandum in support of his motion for final approval of the negotiated class settlement. The terms of the settlement are set forth in the Joint Stipulation re Class Action Settlement and Release (the "Settlement Agreement") attached to the Declaration of Joshua H. Haffner in Support of the Motion for Preliminary Approval. *See* Doc. 25-1, Exh. 1. The motion for preliminary approval was partially granted on July 8, 2020 with the motion receiving full preliminary approval on December 16, 2020.

Plaintiff has complied with all notice requirements contained within the Settlement Agreement and all Court orders. Notice to the Class was completed on March 19, 2021. There were no objections to the settlement and only two Class Members requested exclusion – amounting to approximately 0.5% of the total Class. For the reasons set forth herein, and in the accompanying declarations, Plaintiff and Class Counsel respectfully request that the Court grant final approval of the Settlement Agreement.

## II.  OVERVIEW OF ACTION

On August 16, 2018, Plaintiff filed his action against Defendant in the United States District Court for the Western District of Washington alleging a class action on behalf of all Washington residents who formerly or currently worked for Defendant as mortgage brokers. Dkt. No. 1. The complaint alleged that Defendant violated Washington law by failing to provide paid rest breaks and non-sales time based on its pay plan which pays an hourly rate as a recoverable draw, which is then clawed back from commissions earned. *Id*.

Class Counsel worked up the case through multiple meetings and conferences with Plaintiff, initial disclosures, formal written discovery, and informal production of class-wide data. Doc. 36-1, ¶ 3. In addition, Class Counsel researched and analyzed appliable Washington

wage and hour law, the positions and defenses put forth by Defendant, the viability of class-wide resolution, and the potential amount of class-wide damages. *Id*. After undertaking the above and meeting and conferring, the parties agreed to participate in mediation to potentially resolve the lawsuit. *Id*.

On November 6, 2019, the parties participated in an all-day private mediation session with Michael Loeb, Esq., an experienced mediator with over 30 years' experience in labor and employment cases including extensive work in wage and hour class actions. Doc. 36-1, ¶ 4. The parties were able to reach a settlement at the mediation. *Id*.

On July 8, 2020, the Court granted in part and deferred in part Plaintiff's motion for preliminary approval of the class action settlement. Doc. 27. On September 4, 2020, Defendant provided notice of the settlement to thirteen state and federal agencies pursuant to 28 U.S.C. § 1715 ("CAFA Notice"). *See* Doc. 32. On December 16, 2020, the Court granted preliminary approval as to the deferred portion of the preliminary approval motion and ordered that notice be given to the Class. Doc. 35.

### III.   THE SETTLEMENT AND NOTICE

**A.   The Terms Of The Settlement.**

Under the settlement, class members will be eligible to receive a portion of the $225,000 settlement fund based on the amount of time worked during the applicable period. As there are 391 Class Members, if the Court approves the proposed attorneys' fees ($67,500), litigation costs ($6,608.13), administration costs ($13,500), and class representative incentive award ($5,000), and that all eligible Class Members participate, the average recovery per class member will be approximately $338.60. On January 14, 2021, Plaintiff filed his Motion for an Award of Attorneys' Fees and Costs, and Awarding Class Representative Service Payment. Doc. 36.

**B.   Preliminary Approval And Notice.**

The Court partially granted and partially deferred Plaintiff's motion for preliminary approval of class action settlement on July 8, 2020. Doc. 27. Thereafter, Plaintiff submitted several rounds of supplemental briefing and the deferred portion of the motion for preliminary approval was granted on December 16, 2020. Doc. 35. The conditionally certified Class is

defined as: "All persons who are or have been employed in job codes SM009, SM171, SM172, SM603, SM604, SM605, SM610, SM611, SM612, and/or SM614 by Bank of America, N.A, and/or Bank of America Corporation in the State of Washington at any time from 08/12/2012 to the date of Preliminary Approval of the Settlement (the "Covered Period")." Doc. 27.

Class Members had the option to opt out of the Settlement or object to it by mailing, faxing, or emailing the settlement administrator by no later than 60 calendar days after the Class Notice was mailed. Doc 25-1, ¶¶ 21-26. The Class Notice was mailed on January 14, 2021 thus the deadline to request exclusion or object was March 19, 2021. Declaration of Jennifer Mills ("Mills Decl."), ¶ 12.

Per the Court's order, Plaintiff's Motion for an Award of Attorneys' Fees and Costs, and Awarding Class Representative Service Payment was made available on the settlement administrator's website as well as Class Counsel's website. Mills Decl., ¶ 8; Declaration of Graham G. Lambert in support of Motion for Final Approval ("Lambert Decl."), ¶ 3. Additional material such as the Settlement Agreement, the Complaint, and orders concerning preliminary approval were also made available on the Settlement Administrator's website for the lawsuit. Mills Decl., ¶ 8.

On March 17, 2021, the Court contacted the parties and settlement administrator to request that they update their web pages relating to the instant class action settlement to provide notice and instructions regarding the virtual final approval hearing. Lambert Decl., ¶ 4. Class Counsel and the Settlement Administrator complied with the Court's instructions and placed the notice and instructions on their respective webpages. Mills Decl., ¶ 17; Lambert Decl., ¶ 4.

**C.     Objections To And Requests For Exclusion From The Settlement Agreement.**

No objections to the Settlement Agreement have been filed or sent to the Settlement Administrator. Mills Decl., ¶ 17. Only two Class Members have submitted requests for exclusion from the Settlement Class and two Class Members have submitted a dispute or challenge to the calculation of the number of weeks he or she worked. Mills Decl., ¶¶ 15-16.

///

///

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) requires court approval of any settlement that effects the dismissal of a class action. Settlement agreements reached before class certification must be reviewed as to both the requirements for class certification and the fairness of the settlement. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 621-22 (1997). First, the district court must determine whether a certifiable class exists. *Id*. Then, "the district court [must] determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds recognized by Castillo v. Bank of America, NA*, 980 F.3d 723 (9th Cir. 2020); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000).

### A. This Case Is Appropriate For Class Action Treatment.

Certification of a class is appropriate here. The usual standards for Rule 23(a) and (b) certification apply in the settlement context. A class action is to be certified where, as here, the class plaintiff satisfies the four prerequisites of Rule 23(a) (numerosity, commonality, typicality and adequacy), as well as one of the three subsections of Rule 23(b). Here, in connection with the Settlement Agreement the parties agreed for the purposes of this settlement that all class issues have been met.

### B. Final Approval Is Appropriate Because The Proposed Settlement Is "Fair, Adequate, And Reasonable."

The "overriding public interest in settling and quieting litigation" is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) (footnote omitted). Without question "[c]ompromises of disputed claims are favored by the courts." *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910); *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) ("…voluntary conciliation and settlement are the preferred means of dispute resolution."); *see MWS Wire Indus., Inc. v. California Fine Wire Co.*, 797 F.2d 799, 802 (9th Cir. 1986). Class actions are particularly amenable to settlement because of the uncertainty of the outcome, the difficulty of proof and the typical duration of such litigation. *Van Bronkhorst*, 529 F.2d at 443.

4

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Under Federal Rule of Civil Procedure 23(e), a court should approve the settlement of a class action if it is "fair, adequate and reasonable." *In re Pacific Enter. Sec. Litig.*, 47 F.3d 373, 377 (9th Cir. 1995); *Officers for Justice*, 688 F.2d at 625; *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The authority to approve a class settlement is committed to the sound discretion of the trial court. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd without op.*, 661 F.2d 939 (9th Cir. 1981). The Ninth Circuit has prescribed a non-exhaustive list of relevant factors that a trial court may consider in evaluating the fairness of a class action settlement, which includes the following:

> [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998) (quoting *Torrisi*, 8 F.3d at 1375).

While the district court exercises discretion in approving a settlement, the court's evaluation of a proposed class settlement "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. In *Officers for Justice*, the Ninth Circuit further explained:

> [T]he settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits. Neither the trial court nor this court is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.

*Ibid.* (citations omitted).

5

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

An examination of all the relevant factors shows that this settlement is fair, adequate, and reasonable.

### 1.    The Settlement Is the Result of Arm's-Length Negotiations.

A proposed settlement is presumed to be fair and reasonable when it is the result of arm's-length negotiations.  *Class Plaintiffs*, 955 F.2d at 1276; *In re Lorazepam*, 205 F.R.D. 369, 375-76 (D.D.C. 2002) ("A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations…'") (internal citations omitted); *In re Holocaust Victim Assets Litigation*, 105 F.Supp.2d 139, 145-46 (E.D.N.Y. 2000) (stating that in determining fairness, the "consideration focuses on the negotiating process by which the settlement was reached"); 5 William B. Rubenstein, Newberg on Class Actions § 13.50 (5th ed.) (Westlaw 2020).

Here, the parties have engaged in the exchange of information, and documentation, including data which allowed the parties to seriously evaluate the claims alleged in these actions. After numerous extensive discussions regarding their respective positions, the parties engaged a skilled and experience mediator, Michael Loeb, Esq., through whom the parties reached an agreement and subsequently drafted and executed the Settlement Agreement.  Thus, the parties' settlement is and was the result of serious arm's-length negotiations.

### 2.    The Settlement Provides the Class with Real Relief.

While no settlement is perfect, the proposed settlement in this action provides the Class with real relief.  Further, the reasonableness of the proposed settlement cannot be determined by the application of a mathematical formula.  Rather, "in any case there is a range of reasonableness with respect to a settlement…." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).  In fact, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice*, 688 F.2d at 628; *Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2nd Cir. 1974) *abrogated on other grounds by Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000).  Here, each Participating Class Member will receive a monetary payment with the average payment being $338.60.

6

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Thus far, there are no objectors to this settlement. Further, only two (2) of the 391 Class Members opted out of the Settlement. Mills Decl., ¶¶ 10, 16. This is indicative of the fairness and reasonableness of the settlement. *See Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) ("the small number of class members indicating their disapproval of the settlement, here only one percent, also indicates its acceptability"). Under all the circumstances present here, the settlement represents a fair recovery for Plaintiff and the Class.

### C. Continued Litigation Posed Substantial Risk In Establishing Liability And Damages.

An important factor in evaluating the fairness of the settlement is the risk involved in pursuing the litigation. In negotiating the Settlement, Plaintiff was aware of the difficulties and risks associated with proving liability and damages. Therefore, in assessing the settlement, the Court should balance the benefits afforded to the Class, including the immediacy and certainty of a recovery, against the continuing risks of litigation. *See In re Prudential Ins. Co. Sales Practices Litig.*, 148 F.3d 283, 317 (3d Cir. 1988) (noting that "settlement provide[s] class members the opportunity to file claims immediately after court approval of the settlement, rather than waiting through what no doubt would be protracted litigation").

Plaintiff and Class Counsel believe that the contentions asserted in the Action have merit. However, during the litigation the Washington Supreme Court issued a ruling *Certification from United States Dist. Court for W. Dist. of Washington in Sampson v. Knight Transp., Inc.*, 193 Wn.2d 878, 893 (2019) which held that "the MWA does not require nonagricultural employers to pay their piece-rate employees per hour for time spent performing activities outside of piece-rate work." This drastically reduced the viability of Plaintiff's minimum wage claim.

Plaintiff and Class Counsel also recognize and acknowledge the expense and delay of continued lengthy proceedings necessary to prosecute the Actions against Defendant through trial and appeals, which could take years to complete. Class Counsel has considered the uncertain outcome and the risk of any litigation, the risk of continued litigation in complex actions such as this, as well as the difficulties and delays inherent in such litigation in addition to the potential difficulty of maintaining the Action as a class action.

Moreover, before these actions could even proceed to trial, the Class still would face

7

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

significant legal hurdles.  These would likely include contested briefing over the issue of certification of the proposed class.  While Class Counsel believes that it would prevail on all these issues, they do represent significant obstacles that must be considered in the evaluation of the reasonableness of the Settlement.  With these issues in mind, both Class Counsel and Defense Counsel believe that the settlement is fair, reasonable, and adequate, and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and Defendant's asserted defenses.

### D. Class Counsel Performed Sufficient Research And Analysis To Adequately Assess The Settlement And Was Able To Identify The Strengths And Weaknesses Of The Case.

"[T]he stage of the proceedings and the amount of discovery completed" is a factor that courts consider in determining the fairness, adequacy, and reasonableness of a settlement.  *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 741 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986) (citations omitted).

This settlement follows substantial factual investigation and expert and legal analysis of the claims and defenses of the parties and was reached only after Class Counsel had conducted extensive inquiry.  Doc. 36-1, ¶ 3.  Such due diligence includes a significant investigation into the facts and the law, including conducting formal and informal discovery, interviewing Plaintiff, reviewing records and documents, and engaging in extensive meet and confer discussions.  *Ibid.* Class Counsel had more than adequate information to make an informed judgment concerning the reasonableness of the Settlement Agreement.

Based upon the foregoing, Class Counsel has concluded that a settlement according to the terms and conditions set forth in the agreement would be fair, adequate, reasonable, and in the best interests of the Class.  *See In re Lorazepam*, 205 F.R.D. at 377 (citing *Luevano v. Campbell*, 93 F.R.D. 68, 86 (D.D.C. 1981) ("In evaluating the fairness and adequacy of a settlement, it is important to consider whether the settlement was reached after extensive factual development, so that counsel on both sides would have had information sufficient to make a reasonable assessment of their risks of litigation.")).

///

8

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

E. **The Recommendations Of Experienced Class Counsel Heavily Favor Approval Of The Settlement.**

Class Counsel and counsel for Defendant—experienced class action attorneys—entered into the Settlement Agreement after extensive arm's-length negotiations assisted by a well-known private mediator, following substantial factual investigation and legal analysis of the claims and defenses of the parties. Doc 25-1, ¶ 5; Doc. 36-1, ¶ 3. Class Counsel believes the settlement is fair, adequate, and reasonable. Doc 25-1, ¶ 12.

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corporation*, 485 F.Supp. 610, 622 (N.D. Cal. 1979). The presumption of reasonableness is fully supported in this action because the settlement is the product of substantial arm's-length negotiations conducted by capable counsel who are well experienced in class action litigation. *See M. Berenson Co. v. Faneuil Hall Marketplace*, 671 F.Supp. 819, 822 (D. Mass. 1987); *Ellis*, 87 F.R.D. at 18 ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight").

This action has been litigated by experienced and competent counsel on both sides of the case. The settlement negotiations were protracted and thorough. Class Counsel are well-known for their experience and success in class actions. That qualified and well-informed counsel operating at arm's-length endorse the settlement as being fair, adequate, reasonable, and adequate militates strongly in favor of this Court's approval of the settlement.

F. **The Reaction of the Class Supports Approval Of The Settlement.**

It is well settled that "the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *Sala v. National R.R. Passenger Corp.*, 721 F.Supp. 80, 83 (E.D. Pa. 1989). In fact, the lack of objections does provide some evidence of the fairness of the settlement. *In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y.), *aff'd*, 117 F.3d 721 (2d Cir. 1997).

Here, thus far, there has not been a single objection to the settlement, and only two (2) Class Members have elected to opt out of the Settlement. Mills Decl., ¶¶ 15-16. This constitutes compelling evidence that this settlement is fair, adequate, and reasonable. *Hanlon*, 150 F.3d at

9

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1027; *Marshall*, 550 F.2d at 1178 ("[T]he small number of class members indicating their disapproval of the settlement, here only one percent, also indicates its acceptability.")

## V. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and the relief sought herein and grant such other relief as the Court deems just and proper.

DATED: March 25, 2021              HAFFNER LAW PC

                                   By: /s/ *Graham G. Lambert*
                                       Joshua H. Haffner
                                       Graham G. Lambert
                                       Attorneys for Plaintiff and
                                       all others similarly situated