UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN G. BOYD, individually and on behalf of others similarly situated,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

C18-1207 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's motions for final approval of class action settlement, docket no. 37, and for attorney fees, costs, and a service award, docket no. 36. Having conducted a virtual hearing on April 2, 2021, about which notice was sent to most, but not all, class members, and at which no class member appeared, and having considered the oral arguments of counsel made during the hearing, as well as the papers filed in support of the pending motions, including the supplemental declaration of Jennifer Mills on behalf of the Settlement Administrator, Rust Consulting, Inc., docket no. 41-1, the Court enters the following order.

ORDER - 1

**Discussion**

In this action, plaintiff Kevin G. Boyd, who was employed as a mortgage broker or lending officer on a commission basis, sued defendant Bank of America, N.A., on behalf of himself and all others similarly situated, for allegedly improper deductions of funds advanced for rest breaks and non-sales work. The parties mediated and reached a settlement. They have agreed to a settlement fund in the amount of $225,000, which will be used to pay (i) attorney fees (up to 30% of the fund); (ii) litigation costs ($6,608.13); (iii) a service award to the named plaintiff ($5,000); and (iv) settlement administration expenses ($13,500), leaving a net settlement fund of roughly $132,391 to be allocated pro rata among 391 class members, who are persons with certain job codes employed in Washington by defendant or a related entity from August 12, 2012, to July 7, 2020. <u>See</u> Order at 5, ¶ 2 (docket no. 27) (defining the Class for purposes of settlement).

The parties propose to distribute the net proceeds on the basis of "Compensable Weeks," meaning weeks that class members were "actively employed" by defendant during the class period, but discounting to one-twentieth (1/20th) any Compensable Week that overlaps with the settlement in <u>Flanagan v. Bank of America, N.A.</u>, Suffolk County, N.Y. Supreme Court Case No. 613647/2018. <u>See</u> Am. Jt. Stipulation of Class Action Settlement & Release at ¶ 49(a) (docket nos. 28 & 29). The parties contemplate that the Settlement Administrator will compute the total number of Compensable Weeks among all class members who have not excluded themselves, and will then divide that figure into the net settlement amount to determine the "Per Week Payment." <u>Id.</u> at ¶¶ 49(b)-(c). Each participating class member will receive the product of his or her number of

Compensable Weeks multiplied by the Per Week Payment, minus income taxes that must be withheld and remitted to the Internal Revenue Service. See id. at ¶¶ 44 & 50.

Pursuant to the Minute Order entered December 16, 2020, docket no. 35, notice about the proposed settlement was to be sent to all class members via first-class U.S. mail by January 15, 2021. Along with the notice, each class member was supposed to receive an Adjustment Form through which he or she could dispute the calculation of his or her Compensable Weeks; however, a class member need not have returned an Adjustment Form to receive a share of the settlement funds. See Minute Order at ¶ 1(c) (docket no. 35). Prior to the hearing on April 2, 2021, notices had not been delivered to ten (10) class members, and another eleven (11) class members did not receive notices until shortly before the date for opting out of the Class, objecting to the proposed settlement, and/or returning a completed Adjustment Form. See id. at ¶ 1(e) (setting a deadline of March 19, 2021); Mills Decl. at ¶¶ 13-14 (docket no. 37-2); Mills Supp. Decl. at ¶ 6 (docket no. 39). By Minute Order entered April 2, 2021, docket no. 40, the Settlement Administrator was directed to engage in further efforts to serve notice and to advise class members to whom notice was sent on or after February 12, 2021, that the deadline to request exclusion from or object to the proposed settlement and/or submit an Adjustment Form was extended to May 21, 2021.

According to the Settlement Administrator, as a result of its additional mailings, no class notices remain undeliverable. Mills Supp. Decl. at ¶ 5 (docket no. 41-1). A total of four (4) individuals have timely opted out of the Class, two (2) class members have challenged the computation of their Compensable Weeks, and no person has submitted an

ORDER - 3

objection to the proposed settlement. <u>See</u> Mills Decl. at ¶¶ 15-17 (docket no. 37-2); Mills Supp. Decl. at ¶¶ 3, 3(i), & 4 (docket no. 39); <u>see also</u> Mills Supp. Decl. at ¶¶ 6-8 (docket no. 41-1). In light of this information, the Court now ORDERS as follows:

(1)	Plaintiff's unopposed motion for final approval of class action settlement, docket no. 37, is GRANTED;

(2)	The Court FINDS that notice was dissemianted to all members of the Class and that the notice plan implemented at the direction of the Court provided the "best notice that is practicable under the circumstances," <u>see</u> Fed. R. Civ. P. 23(c)(2)(B), and comported with the requirements of due process.

(3)	The Court APPROVES the Amended Joint Stipulation of Class Action Settlement and Release, docket nos. 28 & 29, executed by Class Representative Kevin Boyd, defendant Bank of America, N.A., and the attorneys of record (the "Settlement Agreement"), FINDS that the Settlement Agreement memorializes a fair, reasonable, and adequate settlement as to all members of the Class in accordance with Federal Rule of Civil Procedure 23, and DIRECTS that the Settlement Agreement be consummated pursuant to its terms and conditions.

(4)	The Order entered July 8, 2020, docket no. 27, and the Minute Order entered December 16, 2020, docket no. 35, which together preliminarily approved the class action settlement, are INCORPORATED herein by reference.

(5)	The claims of each member of the Class that were or could have been asserted in this action are hereby DISMISSED with prejudice, and the release of claims set forth in the Settlement Agreement shall have binding effect, provided, however, that

ORDER - 4

the four (4) individuals identified by name in Paragraphs 3 and 3(i) of the Supplemental Declaration of Jennifer Mills, docket no. 39, who have opted out of the Class, are not bound by this dismissal or the terms of the Settlement Agreement and shall not receive any of the proceeds of the settlement.

(6) Plaintiff's unopposed motion for attorney fees, costs, and a service award, docket no. 36, is GRANTED. Class Counsel Joshua Haffner, Graham Lambert, and the law firm of Haffner Law PC are AWARDED $67,500 in attorney fees and $6,608.13 in costs, to be paid from the gross settlement fund. The Court CONCLUDES that the attorney fees and costs are fair and reasonable in light of the work performed, the results achieved, and the nature of the claims asserted. Class Representative Kevin Boyd is AWARDED $5,000 as a service award, to be paid from the gross settlement fund.

(7) The Settlement Administrator is AWARDED $13,500 for fees and costs incurred and anticipated to complete the administration of the settlement. *See* Mills Decl. at ¶ 18 (docket no. 37-2). This amount shall be paid from the gross settlement fund.

(8) In accordance with the Settlement Agreement, the aggregate amount of any checks issued to Class members but not timely cashed[1] shall be paid to the *cy pres* beneficiary, the Legal Foundation of Washington.

---

[1] The Settlement Agreement does not specify a deadline by which checks must be cashed by Class members. The notice sent to Class members indicated two different dates, namely 120 days after *issuance* of the checks, and 120 days after *receipt* of the checks. *See* Ex. A to Mills Decl. (docket no. 37-2). For the sake of clarity, the Court hereby DIRECTS as follows. All checks sent to Class members shall bear the date on which they were *mailed*, and they shall prominently indicate that they must be cashed within 120 days of the date printed on the checks. The *cy pres* beneficiary shall not be paid any residual amount of the settlement proceeds until after at least 150 days have elapsed since the last check was mailed to a Class member.

ORDER - 5

(9) The Clerk is directed to send a copy of this Order to all counsel of record and to CLOSE this case.

IT IS SO ORDERED.

Dated this 4th day of June, 2021.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge